GULOTTA, Judge.
In this appeal, we are confronted with whether the trial judge imposed an excessive five year sentence for distribution of marijuana. In an earlier review of the sentence in this case we held the trial judge failed to accord proper weight to the guidelines set forth in LSA-C.Cr.P. Art. 894.1, State v. Martz, 436 So.2d 712 (La.App. 4th Cir.1983). We affirmed the conviction but set aside the sentence and remanded for compliance with the statute.
Hector Martz was charged with one count of unlawful distribution of marijuana, and with two counts of attempt to commit first degree murder of an undercover police officer arising out of an altercation and fight between the two arresting officers and Martz at the time of the arrest.[1]
In oral reasons the trial judge stated in his original sentence:
“This Court takes an extremely serious view of drug violations, particularly those involving distribution. Because of this attitude, the Court’s tendency is toward the imposition of substantial terms of imprisonment in such cases. The Court is nevertheless under mandate to follow the Code of Criminal Procedure Article 894.1 when imposing sentence. In the case at bar, after reference to such guidelines, the Court finds the defendant has no history of prior delinquency or criminal activity and has apparently led a law abiding life for a substantial period of time before the commission of the instant crime. The Court also finds that due to his rural background and inexperience in the metropolitan areas, as evidenced by the pre-sen-tence report, the defendant, apparently, did not contemplate that his conduct would cause or threaten serious harm. *280 On the other hand the Court feels that in the view of the extreme seriousness of trafficking of drugs in any form, a lesser sentence than that which is about to be imposed would deprecate the seriousness of the defendant’s crime. The Court further feels that the defendant is in need of some correctional treatment which would be better provided by institutional commitment.”
On remand, and after another resentenc-ing hearing, the trial judge in our case again sentenced defendant to the five year sentence originally imposed. The judge in his oral reasons at the second sentencing hearing stated:
“The Court reiterates and amplifies the comments made on the date of the original pronouncement as follows:
This defendant has no consistent record of employment or gainful occupation and was apparently supporting himself by selling drugs in the French Quarter.... At the time of his arrest he was in possession of two match boxes of marijuana and 16 hand-rolled, marijuana cigarettes. Upon learning that the person he had solicited to buy the drugs was a police officer, the defendant reacted violently and attacked the officer and his companion and made a serious offense to shoot him with his own gun.
These facts, coupled with the very serious nature of traffic in narcotic drugs per se, convinced this court that a lesser sentence will deprecate the extreme seriousness of the defendant’s crime. Further, based on the circumstances of defendant’s environment, lack of employment status, his violent reaction to arrest, his patently fabricated account of the circumstances at his trial, and his apparently callus disregard for the law, this Court feels that the defendant was and is in need of correctional treatment in a custodial environment. With due respect for the opinion of the Court of Appeal, this Court does not feel that the sentence originally imposed is excessive under the circumstances.... ”
This present appeal is from the re-imposition of the sentence. The defendant assigns as error the imposition of an excessive sentence.
Article 1, Section 20 of the Louisiana Constitution prohibits the imposition of excessive punishment. A punishment is unconstitutionally excessive if it: 1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than the purposeless -and needless imposition of pain and suffering; or 2) is grossly out of proportion to the severity of the crime. State v. Telsee, 425 So.2d 1251 (La.1983). In Telsee, where defendant’s sentence for forcible rape was held to be excessive after the facts of defendant’s crime and his makeup as a person were compared with other offenders and their crimes, the Louisiana Supreme Court amended and reduced the sentence after examining several factors to determine whether the sentence by its “excessive length or severity is greatly dispropor-tioned to the underlying offense”. In any review for an abuse of the trial court’s discretion, courts look to the nature of the offense, the offender, the statute guidelines and a comparison of sentences imposed for similar crimes. See State v. Telsee, supra and State v. Finley, 432 So.2d 243 (La.1983).
In State v. Gist, 369 So.2d 1339 (La.1979), two consecutive five and ten year sentences for distribution of marijuana by a twenty-two year old first offender who sold two “lids” to undercover agents in sales six days apart for twenty dollars were vacated and remanded after the Court found the trial judge failed to properly comply with the sentencing guidelines of La.C.Cr.P. Art. 894.1. The Supreme Court concluded that less severe sentences might have been imposed.
In State v. Touchet, 372 So.2d 1184 (La.1979), a four year sentence imposed on a 19 year old steadily employed first offender for distribution of marijuana at a profit of $1.00 was vacated after the trial judge was found not to have adequately followed the sentencing guidelines.
*281 In State v. Fergus, 418 So.2d 594 (La. 1982), U.S. cert denied 459 U.S. 1106, 103 S.Ct. 730, 74 L.Ed.2d 954 (1983), the five year sentences and fines of $2,500.00 plus costs, of two defendants who pleaded guilty to attempted distribution of marijuana and had agreed upon two sales of fifty pounds of marijuana each were affirmed where the trial court adequately followed the sentencing guidelines and one defendant was a third felony offender with expertise in narcotics traffic and the other defendant was also involved in arranging the shipment of one hundred pounds of marijuana.
In State v. Roubique, 421 So.2d 859 (La.1982), the Supreme Court affirmed the imposition of a 5 year suspended sentence (of which one year was to be served in prison) and a $5,000.00 fine where defendant pleaded guilty of possession of marijuana with the intent to distribute and production after more than forty-seven pounds of marijuana, five marijuana plants and $8,580.00 cash were found in defendant’s trailer.
In State v. Bing, 410 So.2d 227 (La.1982), a four year sentence plus a $3,000.00 fine for possession of twenty-eight pounds of marijuana with intent to distribute by a forty year old defendant with no prior criminal convictions was held to be excessive, vacated and remanded for resentencing.
In State v. Ruiz, 437 So.2d 330 (La.App. 2nd Cir.1983), stay order denied 438 So.2d 567 (La.1983), sentences of two and one-half years and one and one-half years on two different defendants for possession of marijuana with intent to distribute were affirmed and were not considered “grossly out of proportion”, where the sentences constituted “a measurable contribution to the goals of deterrence and retribution” and compared “favorably to others having a similar factual basis” after a bag of marijuana was found on one defendant and $2,500.00 cash was found on the other defendant, and a bag containing less than nine pounds of marijuana was found in the van which was driven by one defendant and in which the other was a passenger.
In State v. Trahan, 425 So.2d 1222 (La.1983), four and seven year sentence imposed on two different defendants for possession of marijuana with intent to distribute were found not to be excessive when one defendant, steadily employed with no prior criminal activity, admitted to use of marijuana over an extended period and the other defendant was on probation from a suspended sentence for prior distribution of marijuana.
In the earlier appeal in this case, we noted that:
“Twenty-five year old Martz had no history of prior delinquency or criminal activity. The judge noted that due to Martz’ rural background and inexperience, the defendant apparently had not contemplated that his conduct would cause or threaten serious harm. He had a record of gainful employment and had led an abiding life for a substantial time before committing the instant offense of distributing ‘two match boxes’ of marijuana to undercover narcotics officers. Considering these factors, we find no factual basis for the trial judge’s conclusions that a lesser sentence than that imposed ‘would deprecate the seriousness of the defendant’s crime’ and that the defendant ‘is in need of some correctional treatment which would be better provided by institutional commitment.’ ”
We point out that at the time of his arrest Martz had a history of continuous employment for three years as a cook on ships. Additionally, we find no support in the record that defendant had previously sold drugs.
Our assessment of defendant’s sentence in light of the previously considered factors of his age, the absence of a prior criminal record, his employment record and rural background; the amount of marijuana involved[2] and a comparison of sentences in other cases leads us to conclude that the *282 imposition of a five year sentence at hard labor in this case is greatly disproportionate to the offense and constitutes excessive punishment prohibited by Article 1, Section 20 of the 1974 Louisiana Constitution.
Accordingly, the sentencing imposed by the trial court is amended[3] by reducing the term of the sentence to two years at hard labor with credit for time served.
SENTENCE AMENDED AND AS AMENDED, AFFIRMED.

. After acquitting defendant of the two charges of attempt to commit first degree murder, the jury found the defendant "guilty as charged” for distribution of “a controlled dangerous substance, to-wit marijuana”. Defendant was sentenced to five years at hard labor with credit for time served, and was further assessed a $500.00 fine plus $74.00 in court costs.

. Defendant was charged with and found guilty of possession of two matchboxes of marijuana and 16 hand rolled cigarettes.

. In State v. Telsee, supra, the Supreme Court chose to decide the issue of excessive punishment and amended the sentence because the record was "ripe” for review and because it was "in the best interest of justice, the parties and the judicial system that this prolonged sentence proceeding be concluded.” The court recognized that further remand would entail "a pointless waste of judicial and legal resources”.