SEXTON, Judge.
The defendant, David Ray Bailey, age 23, was charged in a single bill of information with three counts of Simple Burglary in violation of LSA-R.S. 14:62, and Theft or, in the alternative, Receiving Stolen Things of a Value Over One Thousand Dollars in violation of LSA-R.S. 14:67/14:69. The defendant pled guilty to one count of simple burglary and one count of unauthorized use of a movable of a value in excess of one thousand dollars, a felony offense which carries a maximum punishment of a five thousand dollar fine and/or imprisonment with or without hard labor for not more than three years. The defendant received ten years at hard labor of a possible twelve years hard labor on the simple burglary charge, and received the maximum sentence of three years hard labor on the unauthorized use charge. The sentences were ordered to be served concurrently. He now appeals, urging the excessiveness of his sentences. We affirm.
It is well-settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest *130 abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir.1983); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983), writ denied 439 So.2d 1074 (La.1983).
The sentencing guidelines of LSA-C.Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in Art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La.App. 2d Cir.1983); State v. Smith, 433 So.2d 688 (La.1983).
The instant offense resulted from the defendant’s unauthorized entry into a car dealership from which the keys to a 1981 automobile were taken. The defendant was arrested several hours later after running a red light while driving the stolen vehicle. The defendant complains that the sentences imposed upon him are excessive because he is not a “worst offender” nor is the offense committed by him a “worst offense.” Further, the defendant complains that there was inadequate articulation of LSA-C.Cr.P. Art. 894.1 factors to justify the sentence actually imposed upon him.
A pre-sentence investigation prepared at the direction of the trial court indicated that the defendant is at least a third felony offender having been twice convicted of burglary. The pre-sentence investigation further indicated that the defendant, having been placed previously on probation, was revoked because of the commission of another burglary offense. The pre-sen-tence investigation further indicated that the defendant has a good relationship with his family and had completed the ninth grade, but has no job skills.
While the ten year hard labor sentence imposed upon the defendant is a severe penalty, we cannot and do not find that this constitutes a constitutionally excessive sentence in light of the offense committed and the defendant’s prior history of criminal conduct and his inability to maintain a crime-free life while subject to probation or parole. We find adequate articulation of LSA-C.Cr.P. Art. 894.1 factors in sentencing the defendant and further find no abuse of discretion in the imposition of these two sentences for the offenses committed. Accordingly, the defendant’s sentences are affirmed.
AFFIRMED.