486 So.2d 1015 (1986)
STATE of Louisiana, Appellee,
v.
Jacqueline Stultz STRICKLAND, Appellant.
No. 17631-KA.
Court of Appeal of Louisiana, Second Circuit.
April 2, 1986.
*1016 Koerber, LeTard & Richey by Daniel W. Richey, Vidalia, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, William R. Coenen, Jr., Dist. Atty., E. Rudolph McIntyre, Jr., Asst. Dist. Atty., Winnsboro, for appellee.
Before HALL, MARVIN and JASPER E. JONES, JJ.
MARVIN, Judge.
After pleading guilty to the amended charge of possession of cocaine with intent to distribute, defendant appeals her 20-year sentence at hard labor, contending that it is unconstitutionally excessive and not supported by the statutory guidelines. LRS 40:967 A(1); LSA-Const. Art. 1, § 20; CCrP Art. 894.1. Agreeing, we vacate the sentence and remand for re-sentencing.
Defendant was arrested in 1983 and charged with distribution of small amounts of cocaine to undercover investigators on August 12, 1983, in Richland Parish, and on August 16, 1983, in Franklin Parish. This appeal concerns the Franklin Parish conviction.
The offense occurred in the parking lot of a Winnsboro department store, where undercover officers purchased approximately two grams of cocaine from defendant for $250. Defendant was then 21 years old.
A trial court has wide discretion in sentencing but may not impose excessive punishment contrary to LSA-Const. Art. 1, § 20. The penalty either for distribution of cocaine or for possession of cocaine with intent to distribute is the same, imprisonment at hard labor for not less than 5 nor more than 30 years. In addition, the court may impose a fine of not more than $15,000. LRS 40:967 A(1); 961(23); 963, Sch. II A(4). Defendant's counsel, during the Boykin colloquy, erroneously suggested to the trial court that the crimes of distribution and of possession with intent to distribute carried different penalties.
One is without parole, probation or suspension and the other has a possibility [sic]. There is a distinction in the penalty.
The record does not reflect, however, that this erroneous suggestion caused the trial court to deduce that defendant was pleading to a "lesser" crime to avoid proscription against parole, probation or suspension of sentence and that a 20-year sentence without the proscription was therefore proper.
Although within statutory limits, a sentence may nevertheless be constitutionally excessive. State v. Walker, 414 So.2d 1245 (La.1982). A punishment is considered constitutionally excessive if it makes no measurable contribution to acceptable goals of punishment and is grossly out of proportion to the severity of the crime. State v. Lathers, 444 So.2d 96 (La. 1983). Important considerations include not only the nature of the offense, the individual circumstances of the offender, *1017 but a comparison of sentences imposed upon others for the commission of a similar crime. Lathers, supra; State v. Telsee, 425 So.2d 1251 (La.1983).
CCrP Art. 894.1 provides sentencing criteria which a trial court must consider. The record must reflect that the trial court considered not only the factors supporting incarceration, (CCrP Art. 894.1(A)), but also the mitigating factors of 894.1(B). State v. Davis, 449 So.2d 452 (La.1984). Every factor need not be specifically discussed, but the record must reflect statutory support for the sentence. State v. Sims, 410 So.2d 1082 (La.1982).
At the sentencing hearing, the trial court found that there was a risk that defendant would commit another crime during a period of suspended sentence or probation, and that a lesser sentence would deprecate the seriousness of the offense. The record shows, however, that defendant had no prior criminal record and was out on bail for these offenses for almost two years without criminal incident. No other factors were articulated.
A review of the record reveals other factors which should have been taken into account by the trial court, including defendant's youth and the small amount of cocaine involved. At the time of the investigation, defendant was about eight months pregnant and was not employed because of her condition. Defendant is now 24 years old and divorced. Since age 13 defendant had worked to help care for her ill mother, who died in 1983. Obviously she is not the "large scale drug dealer." Compare State v. Tilley, 400 So.2d 1363 (La.1981), discussed infra. Simply stated, the record does not support a 20-year sentence for this particular offender because of defendant's criminal, employment, and personal history before arrest and while on bail, her dependent(s), and the small quantities of the drug sold. In this respect, the sentence was not "individualized" to the defendant or to the offense.
We must find that the trial court failed to properly articulate the 894.1(B) factors and abused its discretion in sentencing defendant to an apparently excessive 20 years at hard labor. Compare the much more serious cocaine transaction ($80,000 for two kilograms and the promise to supply one kilogram a week) involved in State v. Camps, 476 So.2d 864 (La.App. 2d Cir. 1985), writ denied, and in State v. Green, 476 So.2d 859 (La.App. 2d Cir.1985), writ denied. Camps was sentenced to 10 years without parole, probation or suspension and Green was sentenced to 20 years, 15 of which was without parole, probation, or suspension. Compare also State v. Bonanno, 384 So.2d 355 (La.1980). Bonanno was sentenced to 21 years at hard labor for distribution of approximately one pound of cocaine valued at about $22,000 wholesale. Emphasis was placed on the trial court's finding that Bonanno intended to develop a large cocaine market.
See also these more similar cases:
In State v. Tilley, supra, the supreme court reversed, as excessive, a sentence of 21 years at hard labor and a $10,000 fine imposed upon an 18-year-old first offender, convicted of distribution of cocaine. Tilley had about $300 worth of cocaine in his possession and sold $60 worth to undercover narcotic agents. After the sale, but prior to his arrest, the defendant sold eight Doriden (Schedule III CDS) pills to the same officers. Tilley was also charged with possession of marijuana, discovered at his residence when he was arrested. Citing the defendant's age, offender class, good employment record, and his self-enrollment in a drug abuse clinic, the court found that the sentence imposed was excessive and classified defendant as a "small-time" operator even though his activities continued for a period of time. "When a small-time end man receives the same sentence as a large scale drug wholesaler, the sentences are not individualized to fit the particular defendant and the offense." Tilley, supra, at 1368.[1]
*1018 In State v. Gordon, 444 So.2d 1188 (La. 1984), Gordon was sentenced to 20 years at hard labor on two counts of distribution of cocaine and one count of conspiracy to distribute cocaine. He had been charged originally with three counts of distribution and one count of conspiracy to distribute cocaine and pleaded guilty to reduced charges. The court held excessive the sentence of 20 years for distributing four ounces of cocaine on two occasions only six weeks apart to the same undercover agent. The court cited the defendant's stable employment record, college education, military service, and the absence of prior criminal activity to support its ruling, adding that there was no evidence that the defendant was a large scale distributor or that he had made sales for reasons other than to support his own habit.
The appellant's age, her dependent(s), employment record, the absence of prior and post criminal activity, the relatively small amount of cocaine involved, and the absence of any evidence that defendant was or intended to be, a large scale drug dealer, support the finding that a 20-year sentence is excessive in the light of the considerations made in the above cited cases.
The sentence is vacated and defendant is remanded for re-sentencing in accordance with the views expressed herein.
NOTES
[1] As an ad hoc justice in Tilley, the author of this opinion filed a dissenting opinion which may offer some practical, but no legal, consolation to this trial judge. Tilley, at 1368.