499 So.2d 177 (1986)
STATE of Louisiana, Appellee,
v.
Tommy G. BRAZELL, Appellant.
No. 18,090-KA.
Court of Appeal of Louisiana, Second Circuit.
October 29, 1986.
Writ Denied January 30, 1987.
*178 Davenport, Files & Kelly by Lavalle Salomon, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, William R. Coenen, Jr., Dist. Atty., E. Rudolph McIntyre, Jr., Asst. Dist. Atty., Rayville, for appellee.
Before JASPER E. JONES, NORRIS, and LINDSAY, JJ.
PER CURIAM.
The defendant, Tommy G. Brazell, pled guilty to the crime of distribution of marijuana, a violation of LSA-R.S. 40:966 A(1), and was sentenced to three years at hard labor in accordance with LSA-R.S. 40:966 B(2).[1] He appealed, asserting the sentence was unconstitutionally excessive and in violation of LSA-C.Cr.P. art. 894.1,[2] and this *179 court affirmed. The Louisiana Supreme Court granted his application for supervisory writs, reversed the sentence as being apparently severe and remanded the case to the trial court for resentencing. On remand, the trial court imposed the prior sentence. The defendant again appeals this sentence as being excessive and in violation of the statutory guidelines.
We amend the sentence to reflect a two year period of incarceration at hard labor.

FACTS
On March 3, 1983, the defendant sold a small quantity of marijuana to an undercover narcotics officer for $45.00. The defendant was charged by bill of information with distribution of marijuana and pled guilty as related previously. Prior to sentencing the trial court ordered a presentence investigation. This report revealed the defendant, age 27, was married and the father of a child but was then separated from his wife and living with his parents. He had quit school after the ninth grade and thereafter compiled an unstable work history. His employer reported that he was lazy and unreliable. The present offense was his first felony conviction but he had a record of misdemeanors consisting of speeding, criminal damage to property and possession of marijuana in 1982. Law enforcement personnel reported he had been cooperative after his arrest but had continued to experiment with marijuana after the presentence investigation report had been ordered.
At the sentencing hearing the trial judge related the presentence report showed the defendant had not learned his lesson from the possession of marijuana offense and there was a risk he would commit a crime similar to the instant conviction if he was placed on probation or given a suspended sentence. The court also expressed the opinion that distribution was a serious crime and a lesser sentence would not be appropriate. The court did take into consideration as a mitigating factor the defendant's cooperation with law enforcement officials. The court then sentenced the defendant to three years at hard labor.
The defendant appealed the sentence asserting that it was unconstitutionally excessive and in violation of the statutory guidelines for sentencing. We affirmed in an unpublished opinion. State v. Brazzell, 476 So.2d 1191 (La.App.2d Cir.1985).
The Louisiana Supreme Court granted the defendant's application for supervisory writs, set aside the sentence as being apparently severe and remanded the case to the trial court for resentencing in compliance with LSA-C.Cr.P. art. 894.1. State v. Brazzell, 479 So.2d 914 (La.1985).
On remand the court expressed its reasoning in imposing the same sentence of three years at hard labor as follows:
"Mr. Brazell, you were before me previously after having pleaded guilty to Distribution of Marijuana. At that time, I sentenced you to prison for a period of 3 years. That sentence was appealed to the 2nd Circuit Court of Appeals. It was upheld by a three judge panel on the 2nd Circuit after a hearing, and then appealed to the Louisiana Supreme Court, which issued the following order, and I quote:

*180 "Granted. Sentence, apparently severe, is set aside. Remanded to the District Court in compliance with La.C. Cr.P. Art. 894.1."
end quote.
I am not sure exactly what they are trying to say, since they did not hold a hearing into this matter, but chose to arbitrarily overrule 4 judges with only the above stated reasons.
By "apparently severe", I am concluding that they did not think there were enough reasons for the sentence put into the record, because surely they cannot think that 3 years, less than one-third of the maximum sentence, was severe. But then again, they probably didn't have all of the facts, since they did not hold a hearing into this matter.
At any rate, in an attempt to comply with Article 894.1, the Court makes the following findings: (1) On March 3, 1983, you sold a quantity of marijuana to undercover State Trooper Timothy Ledet. You claim that you were set up for the bust by Lester Parker. Even if that is true, however, I see no relevence; very few drug dealers sell without having someone refer customers to them. (2) Further, you have obviously been involved in the drug trade for some time, as evidenced by your arrest for possession of marijuana within the previous year.
During the time after leaving school, you have shown no inclination to work, moving from job to job, all of which were menial. You apparently preferred to live off of your parents and even lost your wife and child during this time, because of not working. Further, your last employer reports that you were lazy and unreliable.
Because of your past performance, during which time you have shown no inclination to work, the fact that you had two drug-related convictions within a relatively short period of time and the report that you continued drug use after your arrest, leads me to believe that there was and is an undue risk that, if given a suspended sentence or probation, you would commit another crime. At the time of sentencing I felt, and still feel that you are in need of correctional treatment which can most effectively be provided by commitment to an institution. In addition, I felt, and still feel, that any lesser sentence than that which I imposed, would certainly deprecate the seriousness of your crime. It should be pointed out that even had you been charged with Second Offense Possession, rather than Distribution, the sentence which I imposed would be substanially (sic) less than the maximum provided for Second Offense Possession.
I feel that your conduct could and would cause serious harm; there can be no excuse for your conduct, and that criminal conduct by you I feel is certainly likely to reoccur. I understand that you now have a job and appear to have settled down and put your life in order. It has never ceased to amaze me how people immediately show great regret after they are caught.
I wonder if you are sorry for your conduct or if you are sorry that you got caught. I sincerely hope that you are genuinely sorry for your conduct and that such remorse will last. I am also very sorry for your family. You have caused them great pain and suffering. From everyone who has spoken to me, your father is highly regarded and I sincerely regret that you have forced me to put he and your mother in this position.
However, at the time I originally sentenced you, I put a great deal of time and thought into what I felt was an appropriate sentence for you. I felt then and I feel now that 3 years was the correct sentence. The 3 judge panel of the 2nd Circuit also felt that the sentence was proper. Without going back through all of the case law set out ad nauseum in the briefs written by both sides, suffice to say that under such law, I have the discretion to mete the sentence I feel proper. I am also prepared to accept responsibility for doing so. If the Supreme Court feels that a different sentence is to *181 be or should be imposed, they will have to render same and decide exactly what that is to be. If that be the case, however, then there is no need for trial judges.
Therefore, in light of the above, it was my finding then, and it is my finding now, that the defendant be sentenced to a term of imprisonment of 3 years at hard labor."
The trial court permitted the defendant to offer information into the record at the sentencing hearing to show: (1) that the defendant's present employer reported a satisfactory job performance for the prior two years; (2) a petition signed by the defendant's parents and approximately 203 other Franklin Parish residents asking for sentencing consideration for the defendant by the court; (3) that the defendant was remarried and presently supporting two additional children; and (4) that it had been three years since the date of the offense, and one year since sentencing, during which interval the defendant, who has been free on bond since the original sentencing hearing, had been involved in no further criminal activity.
The defendant again appeals and his three assignments of error present the following issues for decision:
(Assignment of Error # 1) The Sentencing Court failed to comply with the sentencing guidelines of Article 894.1 of the Louisiana Code of Criminal Procedure, in that the Court did not adequately articulate, for the record, the factual basis for imposition of sentence.
(Assignment of Error # 2) The Trial Court failed to address and consider factors or circumstances in mitigation of the occurrence of the offense, which would compel a lesser sentence than that imposed.
(Assignment of Error # 3) The sentence imposed is in violation of Article I, Section 20, of the Louisiana Constitution of 1974, in that the sentence is excessive and a needless imposition of pain and/or suffering.
* * * * * *
(Assignments of Error # 1, 2 & 3)Is the sentence excessive and in violation of LSA-Const. Art. 1, § 20 (1974)?

LAW ON THE REVIEW OF CRIMINAL SENTENCES
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth is LSA-C.Cr.P. art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Nelson, 449 So.2d 161 (La.App. 4th Cir.1984); State v. Hammonds, 434 So.2d 452 (La.App. 2d Cir.1983, writ den., 439 So.2d 1074 (1983). The articulation of the factual basis for a sentence is the goal of article 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with article 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which must be considered are the defendant's personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. McGhee, 469 So.2d 1051 (La. App. 2d Cir.1985).
Second, the reviewing court must then determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than the purposeless and needless infliction of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir. 1983), writ den., 435 So.2d 433 (La.1983).
*182 The trial judge has wide discretion in the imposition of a sentence within the statutory limits and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Nelson, supra; State v. Hammonds, supra.
In selecting a proper sentence, a trial judge is not limited to considering only a defendant's prior convictions and may properly review all prior criminal activity. State v. Palmer, 448 So.2d 765 (La.App. 2d Cir.1984), writ den., 452 So.2d 695 (La. 1984).
A trial court is not required to render a suspension of sentence or probation on a first felony offense. The judge may consider whatever factors and evidence he deems important to a determination of the best interest of the public and the defendant. State v. McKethan, 459 So.2d 72 (La.App. 2d Cir.1984); State v. Tully, 430 So.2d 124 (La.App. 2d Cir.1983), writ den., 435 So.2d 438 (1974); LSA-Const. Art. 10, § 30 (1974).[3] The record reveals that the trial court failed to reconsider the aggravating factors and to give proper weight to the new mitigating considerations in order to select a sentence pursuant to the order of the Louisiana Supreme Court. This the trial court was required to do. Cf., State v. Telsee, 425 So.2d 1251 (La.1983). The trial court's remarks characterizing the Louisiana Supreme Court as arbitrarily overruling four judges, and in describing the new mitigating factors as mere products of regret at getting caught, indicates an unwillingness to consider the character and attitudes of the defendant or to adapt the sentence to the defendant's particular circumstances. Cf., State v. Molinet, 393 So.2d 721 (La.1981). This court initially affirmed the three year sentence imposed on the appellant. We must now comply with the direction of the Louisiana Supreme Court and reverse the new three year sentence imposed by the trial judge. See State v. Smith, supra.
Having determined that the sentence must be set aside the issue becomes whether we remand for resentencing before a different judge or decide the proper sentence ourselves under our supervisory jurisdiction. We choose the latter alternative as there are facts in the record from which we can make an independent determination and as it is in the best interests of justice, the parties and the judicial system that this prolonged sentencing proceeding be concluded. LSA-Const. Art. 5, § 10(A); State v. Telsee, supra; State v. Martz, 454 So.2d 278 (La.App. 4th Cir.1984).[4] We begin this determination by a comparison of imposed sentences of less than three years at hard labor for convictions of distributing marijuana in order that we may properly particularize the sentence to the defendant and assure that it will be proportioned to similar offenders.
In State v. Jenkins, 419 So.2d 463 (La. 1982) the defendant pled guilty to two counts of the distribution of marijuana. He was sentenced to concurrent terms of 18 months at hard labor on each count and fined $1,000. On direct appeal to the Louisiana Supreme court one of his assignments *183 of error asserted that the sentences were excessive considering the circumstances and the offenses for which he was charged. The record revealed that the defendant was 19 years old at the time of the offense and 21 at the time of sentencing. He served six months in the United States Marine Corps before obtaining a medical discharge. At the time of his arrest the defendant had been employed for two and one-half years in offshore work and had no prior convictions. The defendant sold three "lids" of marijuana to an undercover agent. A presentence report indicated that after his arrest, but prior to pleading guilty to the offense, he sold one gram of "cocaine" for $80.00 to a different set of undercover agents. The drug was actually litocain, which is not a controlled substance, and the counterfeit sale was not illegal at the time.
The Louisiana Supreme Court agreed that the trial court was justified in considering the evidence of the counterfeit sale and held that, notwithstanding this evidence, the sentence imposed, while relatively short, was well within the trial court's discretion. The court noted that the defendant, despite his stable work history and lack of prior convictions, had made two separate sales on consecutive days with the second sale consisting of two "lids" to virtual strangers. This contradicted his assertion in the presentence report that he only obtained marijuana for a few friends and indicated that he was not just an "accomodation" dealer.
In State v. Martz, supra, the defendant was tried by jury and found guilty of the distribution of marijuana. The trial court imposed a sentence of five years at hard labor, with credit for time served, and assessed a fine of $500.00 and court costs. On appeal the appellate court affirmed the conviction but set aside the sentence and remanded the case for resentencing in compliance with LSA-C.Cr.P. art. 894.1.[5] On remand the trial court imposed the prior sentence. The defendant again appealed and the appellate court chose to amend the sentence to reflect a two year period of incarceration at hard labor with credit for time served. The appellate court noted that the defendant was 25 years old, had sold two "match boxes" of marijuana to undercover officers, had no history of prior criminal activity, had been continuously employed for three years as a cook at the time of his arrest and had a rural background and a lack of experience which showed that he had not contemplated that his conduct would cause or threaten serious harm.
In State v. Boyette, 434 So.2d 456 (La. App. 2d Cir.1983) the defendant was convicted of the distribution of marijuana and sentenced to one year at hard labor. On appeal this court affirmed finding the sentence to be well within the trial court's discretion. The defendant was 25 years old, had been involved in the drug culture for a number of years, had a juvenile record reflecting a rejection of authority and conducted herself as a "street dealer" of multiple dangerous substances for profit. She had sold a "lid" of marijuana for $70.00 and a quaalude tablet for $5.00 to an undercover narcotics agent. The quaalude was subsequently determined to be not a controlled dangerous substance and the defendant's conduct in selling the counterfeit drug was recognized to be a felony.

What sentence is appropriate?
At the resentencing hearing the trial court was made aware that the defendant, Brazell, had remarried and was supporting two additional children who apparently belonged to his new wife, had been employed for two years and had acquired a satisfactory job performance evaluation from his current employer and had been involved in no further criminal activity in the two years since the offense under consideration. No additional aggravating factors were presented by the State or articulated by the trial court. The defendant's cooperation with law enforcement personnel after his arrest and the small quantity of marijuana sold are factors previously before the trial court. Balanced *184 against these favorable considerations are the defendant's prior record, especially the possession of marijuana offense in 1982, and his continued experimentation with the drug after his arrest. This latter factor was articulated by the trial court at the resentencing hearing and not rebutted by the defendant.
Considering the above related aggravating and mitigating factors in light of the case law and our statutory obligation to particularize the sentence to the defendant, we hold that the prior sentence of three years at hard labor must be reversed and a sentence of two years of incarceration at hard labor be imposed.

CONCLUSION
The sentence appealed is REVERSED AND SET ASIDE and the defendant is sentenced to a two year period of incarceration at hard labor.
NOTES
[1] § 966. Penalty for distribution or possession with intent to distribute narcotic drugs listed in Schedule I; possession of marijuana

A. Manufacture; Distribution. Except as authorized by this part, it shall be unlawful for any person knowingly or intentionally;
(1) To produce, manufacture, distribute or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule I;
. . . . .
B. Penalties for violation of Subsection A.
Any person who violates Subsection A with respect to:
. . . . .
(2) Any other controlled dangerous substance classified in Schedule I shall, upon conviction be sentenced to a term of imprisonment at hard labor for not more than ten years and pay a fine of not more than fifteen thousand dollars.
. . . . .
[emphasis added]
[2] Art. 894.1. Sentence guidelines; generally

A. when a defendant has been convicted of a felony or misdemeanor, the court should impose a sentence of imprisonment if:
(1) there is an undue risk that during the period of a suspended sentence or probation the defendant will commit another crime;
(2) The defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; or
(3) A lesser sentence will deprecate the seriousness of the defendant's crime.
B. The following grounds, while not controlling the descretion of the court, shall be accorded weight in its determination of suspension of sentence or probation:
(1) The defendant's criminal conduct neither caused nor threatened serious harm;
(2) The defendant did not contemplate that his criminal conduct would cause or threaten serious harm;
(3) The defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant's criminal conduct, though failing to establish a defense;
(5) The victim of the defendant's criminal conduct induced or facilitated its commission;
(6) The defendant has compensated or will compensate the victim of his criminal conduct for the damage or injury that he sustained;
(7) The defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the instant crime;
(8) The defendant's criminal conduct was the result of circumstances unlikely to recur;
(9) The character and attitudes of the defendant indicate that he is unlikely to commit another crime;
(10) The defendant is particularly likely to respond affirmatively to probationary treatment; and
(11) The imprisonment of the defendant would entail excessive hardship to himself or his dependents.
C. The court shall state for the record the considerations taken into account and the factual basis therefor in imposing sentence.
[3] LSA-Const. Art. 5, § 5. Supreme Court; Jurisdiction; Rule-Making Power; Assignment of Judges

(A) Supervisory Jurisdiction; Rule-Making Power; Assignment of Judges. The supreme court has general supervisory jurisdiction over all other courts.... [emphasis added]
LSA-Const. Art. 10, § 30. Oath of Office Section 30. Every official shall take the following oath or affirmation: "I, ..., do solemnly swear (or affirm) that I will support the constitution and laws of the United States and the constitution and laws of this state and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as ..., according to the best of my ability and understanding, so help me God." [emphasis added]
See also State v. Smith, 485 So.2d 112 (La. App. 2d Cir.1986).
[4] LSA-Const. Art. 5, § 10. Courts of Appeal; Jurisdiction

Section 10. (A) Jurisdiction. Except as otherwise provided by this constitution, a court of appeal has appellate jurisdiction of (1) all civil matters, (2) all matters appealed from family and juvenile courts, and (3) all criminal cases triable by a jury except as provided in Section 5, Paragraph (D)(2) of this Article. It has supervisory jurisdiction over cases which arise within its circuit. [emphasis added]
[5] See State v. Martz, 436 So.2d 712 (La.App. 4th Cir.1983).