505 So.2d 752 (1987)
STATE of Louisiana, Appellee,
v.
Jacqueline Stultz STRICKLAND, Appellant.
No. 18381-KA.
Court of Appeal of Louisiana, Second Circuit.
April 1, 1987.
*753 Koerber, LeTard & Richey by Daniel W. Richey, Vidalia, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, William R. Coenen, Jr., Dist. Atty., Rayville, E. Rudolph McIntyre, Jr., Asst. Dist. Atty., Winnsboro, for appellee.
Before MARVIN, FRED W. JONES, JR. and SEXTON, JJ.
MARVIN, Judge.
After this court vacated the defendant's sentence as constitutionally excessive, and remanded to the trial court for resentencing (State v. Strickland, 486 So.2d 1015 (La.App. 2d Cir.1986), the same trial judge again sentenced defendant to 20 years at hard labor for possession of cocaine with intent to distribute.[1] The facts may be found in the cited opinion. We set aside the sentence and remand with instructions.
The trial judge, apparently not believing that defendant sold cocaine on only two occasions, concluded as follows:
I ... intend to give you the original sentence that I imposed.... Therefore, I sentence you again to twenty (20) years. And if the Second Circuit wants to change it then that's their prerogative, and I have no choice but to abide by their decision, but I am not going to change mine....
This same trial judge sentenced Tommy G. Brazzell, who pled guilty to the offense of distribution of marijuana. That defendant was sentenced to three years at hard labor. We affirmed in an unpublished opinion. The supreme court granted writs and set aside the sentence as "apparently severe" and remanded to the trial judge for resentencing "in compliance with CCrP Art. 894.1." State v. Brazzell, 476 So.2d 1191 (La.App.2d Cir.), writ granted, 479 So.2d 914 (La.1985).
Upon Brazzell's remand, the trial judge reimposed the same sentence of three years at hard labor but complied with Art. 894.1. On appeal, this court held that sentence to be excessive and reduced the sentence to two years. State v. Brazell, 499 So.2d 177 (La.App. 2d Cir.1986), writ denied.
At Brazzell's resentencing, the trial judge addressed the supreme court reversal in the following terms:
I'm not sure exactly what they are trying to say, since they did not hold a hearing into this matter, but choose to arbitrarily overrule four judges with only the above stated reasons.

Brazell, supra, at page 180.[2] (Our emphasis.)
The trial judge obviously is aggrieved by the reversals of his sentences that are found to be constitutionally excessive or inadequately articulated as required by Art. 894.1. The initial controversy about judicial review of sentences for excessiveness is over.[3] The issue has been firmly decided, State v. Sepulvado, 367 So.2d 762 (La.1979). All judges, by their oath, are *754 bound by the supreme court's pronouncement of the law of this state.
In Strickland, supra, we specifically articulated in detail our holding that the sentence was constitutionally excessive and the reasons therefor. In Brazell, we suggested the trial judge's duty. Notwithstanding, the trial judge again sentenced Ms. Strickland to the same sentence, contrary to our previous Strickland opinion.
Even though the trial judge may disagree with our previous view, he is duty bound by his oath to follow the law and the constitution. Every judge at every level is required to heed the voice of higher authority even though he or she may personally disagree with the law, whether legislatively or judicially declared. This duty is most important because we are a nation under rule of law and not of men.
We could impose a sentence in order to terminate the issue expeditiously as we did in Brazell. For obvious reasons, however, we deem it better to remand to the trial judge with directions to fulfill his obligation and to sentence this defendant according to law. We shall not fulfill the duties of the trial judge under these circumstances. Because of the circumstances, we believe it is prudent to find at this juncture and on the record of the case and the applicable law, as reviewed in Strickland, supra, that this defendant should be sentenced to not more than eight years at hard labor. See State v. Tilley, 400 So.2d 1363 (La.1981); State v. Strickland, supra.
We set aside the sentence of 20 years at hard labor imposed herein and remand to the trial court with specific instructions to resentence the defendant to a term not less than five nor more than eight years at hard labor.
SENTENCE SET ASIDE. REMANDED with directions.
SEXTON, J., concurs in part and dissents in part with written reasons.
SEXTON, Judge, concurring in Part and dissenting in Part.
I concur in the majority opinion in all respects save one.[*] I respectfully dissent from the majority determination that eight years should be the maximum sentence which the trial judge may impose upon remand.
I perceive that the majority determination was based on the recalcitrance of our trial brother as chronicled in the opinion herein. In other words, I suggest that they strongly felt that he would impose the harshest sentence authorized on remand without serious thought to the most appropriate sentence for this individual defendant. I tend to agree, but believe that in their legitimate concern they overlook our function as an appellate body.
In more areas of the law than one can count, we constantly remind the bar and our trial brothers that we do not substitute our judgment for that of the trial court and only intervene in cases of manifest error.
The legislature has set a five year minimum and thirty year maximum sentence for the instant offense. By this pronouncement, the legislature has indicated that it discourages a suspended sentence and considers the offense quite serious. This defendant sold cocaine on two separate instances in two separate parishes within a week for "good" money. The substances were obviously obtained elsewhere and the defendant was uncooperative with investigators in that regard. Under circumstances which I suggest are quite similar, the Supreme Court established ten years as the upper limit. State v. Tilley, 400 So.2d 1363 (La.1981). We should not establish a lower upper parameter in these circumstances for the bench and bar of this circuit because of concern for the defendant or because of concern over the attitude of the trial judge. In so doing, we do usurp his duty and also abrogate our duty to establish appropriate parameters.
*755 I respectfully dissent, but only from the maximum sentence authorized by the majority on remand.
NOTES
[1] Shortly before being sentenced in the instant case, she was also sentenced to a five-year concurrent term for a similar offense in another parish of the same judicial district by the same trial judge. This offense occurred four days before the instant offense.
[2] At least two members of this court were uncertain of the significance of the supreme court's Brazell. Judge Norris expressed the opinion that the supreme court's reversal of Brazell was nothing more than that court's insistence that there must be significant compliance with C.Cr.P. Art. 894.1 when a trial judge elects a prison term as a sentence when he has a choice between probation and prison and the choice is close. State v. Smith, 485 So.2d 112 (La.App. 2d Cir.1986), Norris, J. concurring at 114. Judge Sexton agreed with that interpretation in State v. Harper, 490 So.2d 607 (La.App. 2d Cir.1986).
[3] See State v. Tilley, 400 So.2d 1363 (La.1981), Marvin, J., ad hoc dissenting at page 1368; State v. Lewis, 430 So.2d 1286 (La.App. 1st Cir.1983), Carter, Lottinger, and Cole, JJ., concurring at page 1290; State v. Goodman, 427 So.2d 529 (La.App. 3rd Cir.1983); Domengeaux, C.J., additionally concurring at page 533.
[*] In fact, this partial dissenter was the originally designated author and prepared the original draft.