HALL, Chief Judge.
Defendant, Roy Higginbotham, pled guilty to two counts of indecent behavior with a juvenile in violation of LSA-R.S. 14:81. He received two consecutive four year hard labor sentences. On appeal to this court, the sentences were vacated and the case remanded for further articulation and compliance with LSA-C.Cr.P. Art. 894.-1. On remand, the trial judge imposed the same sentences. Defendant has again appealed and again assigns as errors the failure of the trial judge to comply with Article 894.1 and the imposition of a constitutionally excessive sentence.
On the first appeal, this court found the following sentencing articulation inadequate:

THE COURT:

Mr. Higginbotham, I have carefully studied your pre-sentence report, the offense report, and I’ve considered those matters as well as the nature of the present offense in light of provision of Article 894.1 and make the following findings: You’re in need of correctional treatment that can be most effectively provided by commitment. Your conduct caused serious harm to those girls. Any lesser sentence would certainly deprecate the seriousness of the crime. For what you did there can be no excuse that I can see. No excuse can be offered. You have violated a sacred trust. You claimed to be providing for those girls, acting as a father, when in fact you were abusing them. In light of these findings, you are sentenced to a term of imprisonment for four years at hard labor on each count to run consecutive.
In an unpublished opinion, a copy of which is attached to this opinion, this court noted that there was no indication in the sentencing articulation that the trial judge adequately considered aggravating and mitigating circumstances as instructed by Article 894.1. Although the trial judge indicated he had reviewed the pre-sentence investigation report, this court noted that he did not state for the record the considerations taken into account therefrom nor did he elaborate on the factual basis of the offense used to impose sentence.
On remand, the following reasons for sentencing were given by the trial judge:

THE COURT:

Mr. Higginbotham, without going through the complete sentencing colloquy again the Court of Appeals didn't feel like that I expounded enough when I passed your sentence. Therefore, I find that it is undue risk that given probation you will commit another crime. In the pre-sentence you admitted to indecent acts involving your step-daughter and indeed plead guilty to avoid prosecution. Certainly any lesser sentence than that *1317 which I imposed would deprecate the seriousness of the crime. Further this court is aware of previous incidences involving these children in which they were treated cruelly at worst and neglected at best, during the time that you were in the home with Mrs. Higginbotham and the children. Your conduct did indeed cause serious harm. Your conduct is very likely to reoccur. The Court of Appeals stated they saw numerous mitigating factors on your pre-sentence report. I saw none. Therefore you are sentenced again to serve for a term of imprisonment for four years at hard labor on each count, each sentence to run consecutive.
The only new information added by the trial judge on remand was the finding that there was an undue risk that defendant would commit another crime if given probation, the reference to previous incidents of cruel treatment and neglect, without description of the nature of those incidents, and the observation that the defendant’s conduct is very likely to reoccur. He has again failed to “state for the record the considerations taken into account and the factual basis therefor in imposing sentence” as required by Article 894.1. Merely stating in a conclusionary fashion some of the Article 894.1 criteria without stating the factual basis for the conclusions reached or the factual basis of the crime committed by the defendant is inadequate compliance with the trial judge’s legal duty under Article 894.1 to articulate the basis for the sentences he imposes. Additionally, the trial court did not mention mitigating factors contained in the pre-sentence investigation report which are plainly relevant to a proper sentence in this case. These factors, which include the fact that the defendant had a steady work record and no prior criminal record other than a traffic offense, were apparently not considered.
The sentences imposed by the trial judge are very severe, near the maximum, and are made more severe by imposing the sentences consecutively. Sentences such as these require a thorough articulation and justification. The crimes to which the defendant pled guilty are serious and deserve significant sentences, but the Article 894.1 criteria and the factual basis of the crimes charged are not articulated sufficiently for appellate review of the sentences for excessiveness.
This trial judge has previously demonstrated a reluctance or an inability to comply with Article 894.1, this court’s orders, and orders of the Louisiana Supreme Court. In State v. Brazzell, 479 So.2d 914 (La.1985), the Supreme Court vacated a three year hard labor sentence for distribution of marijuana imposed by Judge Traylor, characterized it as “apparently severe”, and remanded the case to the trial court for resentencing in compliance with Article 894.1. On remand, the trial court imposed the same sentence. The defendant again appealed his sentence as being excessive and in violation of the statutory guidelines. On appeal, this court noted that the trial court’s remarks at the second sentencing hearing indicated “an unwillingness to consider the character and attitudes of the defendant or to adapt the sentence to the defendant’s particular circumstances.” State v. Brazzell, 499 So.2d 177 (La.App. 2d Cir.1986) at 182, and held that the trial court’s failure to reconsider aggravating factors and to give proper weight to new mitigating considerations required that the sentence be set aside. This court reduced the sentence to two years. In State v. Strickland, 486 So.2d 1015 (La.App. 2d Cir.1986), this court vacated as constitutionally excessive two consecutive 10 year hard labor sentences imposed by Judge Traylor on a 32 year old mother of two for two counts of possession of cocaine with intent to distribute, and remanded for resentencing. On remand, Judge Traylor imposed the same sentence again. The defendant again appealed to this court, State v. Strickland, 505 So.2d 752 (La.App. 2d Cir.1987), and this court, noting that Judge Traylor was obviously aggrieved by the reversal of his sentences for constitutional excessiveness or inadequate articulation, again remanded to the district court with instructions to resentence the defendant to a term of im *1318 prisonment of not less than five nor more than eight years.
Either because of his recalcitrance or lack of understanding, it seems unlikely that remand for resentencing by this trial judge will result in adequate compliance with Article 894.1. Therefore, the case is remanded for resentencing by one of the other judges of the Fifth Judicial District Court after a sentencing hearing wherein the factual basis of the crimes charged is to be explored and the reasons for sentence fully articulated with due weight being given to both aggravating and mitigating factors appearing in the pre-sentence report and developed at the hearing. See State v. Soco, 441 So.2d 719 (La.1983); State v. Jones, 473 So.2d 66 and 473 So.2d 917 (La.App. 3d Cir.1985); and State v. Dondis, 488 So.2d 454 (La.App. 3d Cir.1986).
Sentences vacated and case remanded for resentencing.
APPENDIX
No. 18715-KA
Court of Appeal Second Circuit State of Louisiana
June 10, 1987
State of Louisiana, Appellee versus Roy Higginbotham, Appellant
Before MARVIN, J. JONES and SEXTON, JJ.
PER CURIAM.
The defendant, Roy Higginbotham, age 41, was charged by bill of information with two counts of Indecent Behavior with a Juvenile, in violation of LSA-R.S. 14:81. These offenses were alleged to have been committed upon a stepdaughter of the accused at times when the victim was either 14 or 15 years of age. The defendant pled guilty to the counts charged and was sentenced to serve 4 years at hard labor on each count to run consecutively. The defendant appeals his sentence, contending that the sentence is excessive and that the trial court failed to follow statutory sentencing guidelines. Finding merit to the second of these contentions, we vacate the sentence and remand the case for resen-tencing in accordance with LSA-C.Cr.P. Art. 894.1.
One of the counts specified that the defendant fondled the victim and the other specified intercourse. However, the pre-sentence investigation report indicates that the defendant denied to the probation officer that he had sexual intercourse with the victim at any time.
The court accepted the plea and ordered a pre-sentence investigation. At the sentencing, the following discourse took place:
THE COURT:
... I have received your pre-sentence report and studied it for the purpose of determining an appropriate sentence in your case. Your prior offenses consists of one DWI offense. Is that correct?
MR. HIGGINBOTHAM:
Uh, it was a .. it wasn’t a DWI, it was a reckless operation.
******
THE COURT:
Mr. Higginbotham, I have carefully studied your pre-sentence report, the offense report, and I’ve considered those matters as well as the nature of the present offense in light of provision of Art. 894.1 and make the following findings: You’re in need of correctional treatment that can be most effectively provided by committment. Your conduct caused serious harm to those girls. Any lesser sentence would certainly deprecate the seriousness of the crime. For what you did there can be no excuse that I can see. No excuse can be offered. You have violated a sacred trust. You claimed to be providing for those girls, acting as a father, when in fact you were abusing them. In light of these findings, you are sentenced to a term of imprisonment for a term of 4 years hard labor on each count to run consecutive.
Without further elaboration, the trial court sentenced the appellant to four years *1319 on each count to be served consecutively. Although the trial judge indicated he had reviewed the pre-sentence investigation report, he did not state for the record the considerations taken into account therefrom and he did not elaborate upon the factual basis of the offense used to impose sentence. The pre-sentence report is rather extensive and has a number of mitigating factors.
On the other hand, the allegations of count two are quite serious. The defendant pled guilty to that count but denied the conduct described. Moreover, the assistant district attorney, in relating the offenses to the court, only related conclusions and did not detail the factual basis for each count. As we have already noted, the defendant denied intercourse.
In this regard, the state has attached to its brief a notice of evidence of other crimes which it intended to introduce at the trial. The other crimes listed are extensive and serious. Other crimes, particularly a course of conduct over a number of years, are a matter which can and should legitimately affect a sentence. State v. Tully, 430 So.2d 124 (La.App.2d Cir.1983), writ denied 435 So.2d 438 (La.1983). However, in reviewing this sentence, we cannot consider an attachment to the state’s brief. The attachment does not form a part of the record. Moreover, there is no indication that the trial court considered previous offenses in determining the sentence which it imposed.
In State v. Sepulvado, 367 So.2d 762 (La.1979), the Supreme Court stated that the statutory criteria legislatively provided by LSA-C.Cr.P. Art. 894.1, provide appropriate criteria with which to measure whether a sentence within statutory limits is nevertheless excessive, either by reason of its length or because it specifies confinement rather than less onerous sentence alternatives. The Supreme Court further noted in Sepulvado, as well as in State v. Dye, 384 So.2d 420 (La.1980), that the trial judge’s reasons in imposing sentence, as required by LSA-C.Cr.P. 894.1, are “an important aid to this Court when called upon to exercise its constitutional function to review a sentence complained of as excessive.”
We find, that absent compliance with statutory sentencing guidelines, we lack the appropriate criteria by which to measure whether the sentence imposed by the trial court is excessive. Accordingly, while the trial judge need not articulate every aggravating and mitigating circumstance outlined in the statute, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Bailey, 457 So.2d 129 (La.App. 2d Cir.1984); State v. Eason, 460 So.2d 1139 (La.App.2d Cir.1984), writ denied 463 So.2d 1317 (La.1985).
Upon review of the sentencing colloquy in the instant case, we find inadequate articulation of the factors upon which the trial court based its sentencing decision. There is likewise no indication that the court adequately considered aggravating and mitigating circumstances as outlined by LSA-C.Cr.P. Art. 894.1. Accordingly, we must vacate the defendant’s sentence and remand to the trial court with instructions to properly consider the sentencing guidelines of the statute before imposing sentence.
For the reasons assigned, the defendant’s sentence is vacated and the case is remanded to the lower court for sentencing in accordance with law.
SENTENCE REVERSED, REMANDED FOR RESENTENCING.