GUIDRY, Judge.
Defendant, Charles Young, was convicted of production of marijuana in violation of La.R.S. 40:966(A)(1). He was sentenced to eight years at hard labor. On appeal to this court, his sentence was vacated as excessive and the case was remanded for resentencing. On remand, the same trial judge sentenced Young to seven and one-half years at hard labor. Defendant has again appealed assigning as error the ex-cessiveness of his sentence. Once again, we set aside the sentence and remand with instructions.
On September 15, 1987, defendant, Charles Young, and his wife, Thelma Young, were found guilty of production of marijuana. The pertinent facts are reported in our prior decision, State v. Young, 532 So.2d 301 (La.App. 3rd Cir.1988). At the original sentencing, Young was sentenced to eight years at hard labor and fined $3,000.00 plus one-half (¾⅛) of the court costs and in default of payment thereof, one year in the Avoyelles Parish jail. Thelma Young was sentenced to three years at hard labor and fined $1,500.00 plus one-half (V2) of the court costs and in de *1322 fault of payment thereof, six months in the Avoyelles Parish jail.
On original appeal, we upheld both convictions and the sentence of Thelma Young and, finding Young’s sentence constitutionally excessive, we remanded the matter to the trial court for resentencing. In vacating Young’s sentence, we reasoned as follows:
“Although, for the reasons given by the trial judge, the imposition of a more severe sentence upon Charles Young may be warranted, we can find no justification in the record to support the great difference in the sentences imposed. The defendants committed the same crime under the same circumstances. Neither had a prior criminal record. There is nothing in the record to suggest that one will respond to rehabilitation more quickly than the other. Finally, Charles Young’s serious health problems certainly militate against a long prison sentence.”
Id. at pgs. 303, 304.
Both the State and Mrs. Young applied for writs to the Louisiana Supreme Court and both were denied. State v. Young, 538 So.2d 588 (La.1989) and State v. Young, 538 So.2d 589 (La.1989).
At the new sentencing hearing, Young testified that his medical condition (arteriosclerosis and diabetes) had deteriorated since the prior sentencing hearing and medical records were admitted to substantiate his claim. The evidence reflects that Young may require bypass surgery in the not too distant future to save his remaining leg, which treatment may not be obtainable while he is incarcerated. The State made no attempt to rebut his testimony other than to ask him on cross-examination if he was receiving “good medical care” at Angola State Penitentiary. Young replied, “[wjell, the medical care, like blood thinners, and stuff like that, yes sir, I can’t complain”. The only other evidence introduced at the resentencing hearing was the testimony of Louisiana State Trooper Travis Wiley, a narcotics agent, concerning the approximate yield of a full grown marijuana plant and the money value of a pound of marijuana. This same evidence appears in the original trial transcript.
In resentencing the defendant, the trial judge made it very clear that he did not agree with this court that Young’s sentence was excessive. On resentencing the trial court imposed an identical sentence, except that the original prison sentence was reduced by six months. We find the trial court’s reduction of Young’s sentence by six months to be only a token attempt at complying with the letter and spirit of this court’s mandate. Whether or not the trial judge agrees with our original decision, he is duty bound to follow it in good faith. In State v. Strickland, 505 So.2d 752, 753, 754 (La.App. 2d Cir.1987), our brethren of the Second Circuit, finding themselves in a similar situation, articulated the responsibility of the trial judge as follows:
“The trial judge obviously is aggrieved by the reversals of his sentences that are found to be constitutionally excessive or inadequately articulated as required by Art. 894.1. The initial controversy about judicial review of sentences for excessiveness is over.3 The issue has been firmly decided, State v. Sepulvado, 367 So.2d 762 (La.1979). All judges, by their oath, are bound by the supreme court’s pronouncement of the law of this state.
In Strickland, supra, we specifically articulated in detail our holding that the sentence was constitutionally excessive and the reasons therefor. In [State v.] Brazell, [499 So.2d 177 (La.App.1986) ] we suggested the trial judge’s duty. Notwithstanding, the trial judge again sentenced Ms. Strickland to the same sentence, contrary to our previous Strickland opinion.
Even though the trial judge may disagree with our previous view, he is duty bound by his oath to follow the law and the constitution. Every judge at every level is required to heed the voice of higher authority even though he or she may personally disagree with the law, whether legislatively or judicially declared. This duty is most important because we are a nation under rule of law and not of men.” [1] (footnotes omitted).
*1323 As noted in our original opinion, defendant and his wife, Thelma, committed the same crime under the same circumstances; neither had a prior criminal record; the likelihood of rehabilitation was not shown to be greater for one than the other; and, Young’s serious health problems militated against a long prison sentence. Defendant’s health, if anything, has since deteriorated and he will probably require special medical care which, according to the record, may not be obtainable while he is incarcerated.
At resentencing, the trial court cited numerous cases for the proposition that the relative sentences of co-defendants is inconsequential. However, in the cases relied on, the courts either noted and articulated distinctions among the co-defendants or the distinctions were apparent in the record. We agree that our law does not require that co-defendants be treated the same when sentences are imposed, however, this does not mean that a disparity in the sentences of co-defendants is not a factor which may be considered in determining whether a sentence is excessive or disproportionate to the severity of the crime. State v. Norbert, 486 So.2d 338 (La.App. 3rd Cir.1986), citing State v. Quimby, 419 So.2d 951, 962 (La.1982).
For these reasons and those set forth in our prior opinion, we set aside the sentence imposed on resentencing and again remand to the trial court with specific instructions to resentence the defendant to a term not to exceed five years at hard labor plus a fine not to exceed $1,500.00 and one-half (¾⅛) of the court costs and in default of payment thereof, six months in the parish jail. State v. Strickland, supra.
SENTENCE SET ASIDE AND REMANDED WITH DIRECTIONS.

. State v. Brazell, 499 So.2d 177 (La.App. 2d Cir.1986), writ denied, 501 So.2d 206 (La.1987).