ON REHEARING
HIGHTOWER, Judge.
Upon the state’s application, we granted a partial rehearing to reconsider our determination that a sentence of nine years at hard labor for distribution of cocaine constituted an abuse of the sentencing judge’s discretion under the facts of this case. After vacating that portion of our original opinion, we now reinstate and affirm the sentence imposed by the trial court.
Defendant’s conviction stems from a single drug transaction during which he sold a “rock” of cocaine to an undercover narcotics agent for $20. At the sentencing hearing, he admitted being a drug addict who previously sold cocaine to support his habit. Failing to remain drug-free after completing a rehabilitation program, defendant voluntarily positioned himself on a street corner to peddle crack cocaine to passers-by. Although only one transaction occurred on the date of the offense, defendant’s admissions suggest his earlier frequent involvement in the drug trade.
A trial judge possesses wide discretion in the imposition of a sentence within the statutory limits, and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Walker, 516 So.2d 1273 (La.App. 2d Cir.1987). In the antecedent review in the present case, this court vacated the sentence and remanded with instructions that defendant be sentenced to not more than seven years at hard labor. That reduction of merely two years, however, debilitates any conclusion that the lower court manifestly abused its great discretion.
Consistent with the principle of wide discretion, sentences termed excessive have generally necessitated substantial reductions in the penalty imposed. See State v. Telsee, 425 So.2d 1251 (La.1983) (forcible rape, maximum sentence of 40 years reduced to no more than 25 years); State v. Machon, 410 So.2d 1065 (La.1982) (seven-year sentence, being in the upper range of the statutory maximum, found excessive for passing one counterfeit $20 bill, no *1136 more than three years permissible); State v. Tilley, 400 So.2d 1363 (La.1981) (21 years at hard labor and $10,000 fine excessive for distribution of cocaine, five to ten years acceptable); State v. Sepulvado, 367 So.2d 762 (La.1979) (three and one-half years inappropriate for 18-year-old convicted of carnal knowledge of a juvenile, no imprisonment at all, i.e., probated or suspended sentence, recommended); State v. Harris, 535 So.2d 1131 (La.App. 2d Cir.1988) (maximum sentence of 40 years excessive for purse snatching, not more than 25 years appropriate); State v. Strickland, 505 So.2d 752 (La.App. 2d Cir.1987) (20 years excessive for possession of cocaine with intent to distribute, sentence to be no more than eight years).
True, a reduction of just one year resulted in State v. Brazell, 499 So.2d 177 (La. App. 2d Cir.1986), writ denied, 501 So.2d 206 (La.1987). However, on initial appeal,[1] this court affirmed the sentence of three years and only ordered the reduction after a remand by the Supreme Court and the trial judge’s reimposition of the same term of imprisonment.
After reviewing drug sentences in State v. Tilley, supra, the Supreme Court concluded, that in cases involving a youthful first offender on the bottom end of selling cocaine or other substances in small quantities, the constitutionally permissible range then stood at five to ten years.
In the case at hand, the trial court allowed the defense considerable opportunity to state its case for leniency. Moreover, the mitigating and aggravating factors considered in determining the sentence were articulated, substantially complying with the dictates of LSA-C.Cr.P. Art. 894.1. Confronted with imprisonment for a term of not less than five nor more than thirty years for distribution of cocaine, LSA-R.S. 40:967, defendant received a sentence of nine years. We cannot say the sentencing judge, who thus particularized the sentence for this defendant within previously sanctioned parameters, Tilley, supra, manifestly abused his wide discretion.
Accordingly, we vacate that part of our original opinion setting aside the sentence and remanding for resentencing, and reinstate the sentence of the trial court. In all other respects, our original judgment is maintained.
SENTENCE NOW AFFIRMED.
NORRIS, J., dissents with written reasons.
MARVIN, C.J., dissents for reasons assigned by NORRIS, J.

. State v. Brazell, 476 So.2d 1191 (La.App. 2d Cir.1985).