NORRIS, Judge,
dissenting.
I dissent for the reasons expressed in the original opinion and add the following observations.
This court requires trial courts to particularize each sentence to the offense and the offender, and we should be bound by the same standards. The enunciation of a valid factual basis for sentence is critical to sentencing and review. The majority’s finding of an “admission” on Winston’s part that he had “earlier frequent involvement in the drug trade” is dubious on this record. A questionable finding on such a critical point as the defendant’s past conduct can be reversible error. State v. Drummer, 537 So.2d 772 (La.App. 2d Cir.1989), writ denied 543 So.2d 17 (La.1989).
The majority’s comparison of this case to inapposite cases of forcible rape, forgery by passing counterfeit currency, and purse snatching overlooks the fundamental premise of comparing similar offenses. Cases like State v. Davis, 440 So.2d 855 (La.App. 2d Cir.1983), and others cited in the original opinion, offer more guidance than those cited by the majority.
Finally, the majority seems to say that only gross excessiveness, resulting in a substantial reduction of sentence, is worthy of judicial effort. This theory is impotent to explain our own opinion in State v. Brazell, 499 So.2d 177 (La.App. 2d Cir.1986), writ denied 501 So.2d 206 (La.1987), where we ordered a reduction of one year. A careful particularization of the facts to the *1137 sentence would mandate a small but meaningful reduction of Ronald Winston’s sentence.
I respectfully dissent.