485 So.2d 112 (1986)
STATE of Louisiana, Appellee,
v.
Emzley Elmore SMITH, Appellant.
No. 17539-KA.
Court of Appeal of Louisiana, Second Circuit.
February 26, 1986.
Davenport, Files & Kelly by Lavalle B. Salomon, Monroe, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, William R. Coenen, Jr., Dist. Atty., and Terry A. Doughty, Asst. Dist. Atty., Rayville, for appellee.
Before JASPER E. JONES, FRED W. JONES, Jr. and NORRIS, JJ.
PER CURIAM.
The defendant, Elmore Smith, was charged by bill of information with distribution of marijuana in violation of LSA-R.S. 40:966. Defendant pled guilty and was sentenced to serve three years at hard labor. Defendant appeals his sentence as excessive and contends the trial judge failed to comply with the LSA-C.Cr.P. art. 894.1 guidelines in imposing sentence. Finding the trial judge failed to adequately comply with the 894.1 guidelines, we vacate defendant's sentence and remand for resentencing.
The charge against defendant arose when he procured a small quantity of marijuana valued at $20.00 for one Edward Murphy at the latter's request. Defendant was observed delivering the marijuana by a Louisiana State Police Narcotics Officer. The pre-sentence report, compiled at the direction of the trial judge, reveals that defendant, age 46, has been a resident of Rayville, Louisiana, for ten years, and has been employed by Shoemaker & Son's Welding for the past ten years. Defendant *113 was temporarily laid off when Shoemaker & Son's went out of business and is now drawing unemployment compensation. Larry Shoemaker, co-owner of Shoemaker & Son's, stated that defendant is an excellent welder and very hard worker. He had been promoted to shop foreman. Mr. Shoemaker also stated that when Shoemaker & Son's re-opens, defendant will be re-hired as the shop foreman. The pre-sentence report further reveals that defendant completed the third grade, joined the Marines in 1955, and upon his discharge, worked for various oil companies throughout Texas and Louisiana. Defendant is presently married to Ethel Franks Smith. Defendant's wife, three children, and three grandchildren all reside with and depend upon him for support. The pre-sentence report indicates that defendant is a first felony offender, however, at the sentencing hearing defendant admitted of having been convicted of forgery for which he was sentenced to serve six months at the Federal Correctional Institute in Texarkana, Texas and placed on five years probation. This offense occurred in 1966 which was over 18 years before the present offense.
The sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Hammonds, 434 So.2d 452 (La.App.2d Cir.1983), writ den., 439 So.2d 1074 (1983); State v. Brooks, 431 So.2d 865 (La.App. 2d Cir. 1983); State v. Square, 433 So.2d 104 (La. 1983).
A sentence is constitutionally excessive in violation of Louisiana Constitution of 1974 Art. 1, § 20 if it is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, 431 So.2d 854 (La. App.2d Cir.1983), writ den., 438 So.2d 1112 (1983).
The sentencing guidelines of LSA-C. Cr.P. art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Tully, 430 So.2d 124 (La.App.2d Cir.1983), writ den., 435 So.2d 438 (1983); State v. Sepulvado, 367 So.2d 762 (La.1979). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in LSA-C. Cr.P. art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Hammonds, supra; State v. Cunningham, supra; State v. Smith, 433 So.2d 688 (La.1983).
The trial court's failure to comply with the 894.1 guidelines does not, in and of itself, render a sentence invalid or warrant a remand for resentencing. The sentence will be upheld if the record clearly illumines and supports the sentencing choice. State v. Williams, 397 So.2d 1287 (La. 1981); State v. Smith, 430 So.2d 31 (La. 1983).
In St. v. Brazzell, 476 So.2d 1191, Second Circuit, No. 17,319-KA, 11/25/85, we recently affirmed a three year sentence at hard labor for distribution of marijuana. The opinion was unpublished. The Louisiana Supreme Court, 479 So.2d 914, in writ application # 85-K-2013 on December 20, 1985, vacated Brazzell's sentence as "apparently severe" and remanded for resentencing. Although Brazzell was a first felony offender, he had two prior misdemeanor convictions, one of which was for possession of marijuana which occurred only a short time before the distribution charge. Mr. Brazzell was separated from his wife, had only one child, and had an unstable employment record.
In the instant case, the defendant has a stable work history and stable family life. He has a wife and six minor children who depend upon him as their sole support. The sentencing hearing does not specifically reflect that the substantial mitigating factors were considered by the trial judge. Although defendant has a prior felony conviction, he has, insofar as is reflected in the PSI and the sentencing hearing, led a law abiding life for approximately eighteen years before he committed the instant offense. *114 We further note that the nature of defendant's prior felony is unrelated to the present offense. This very old felony conviction, when considered in light of defendant's long crime-free life, and his stable family and excellent work record, is entitled to little consideration in the determination of the length of defendant's prison sentence. See LSA-C.Cr.P. art. 894.1, subd. B(7).
Our review of this case requires the conclusion that the sentence is apparently excessive based upon the supreme court's evaluation of the same sentence for the same offense in the Brazzell case where the defendant had a poor work record and no family stability, and had been recently convicted of possession of marijuana. Because we must follow the opinions of our supreme court, we vacate defendant's sentence as apparently excessive. We note a reference in the record to a prior distribution of marijuana offense which occurred approximately two weeks before the instant offense. This is contained in a Prieur notice filed by the district attorney. If the statement concerning the prior offense is factually correct, this case is distinguishable from Brazzell and a sentence identical to the one initially imposed in this case would not be excessive. The trial judge made no reference to the prior distribution offense at the sentencing hearing. The trial judge did consider defendant's prior felony and his age as the factual basis for imposing this sentence. The trial judge also stated that he considered all of the mitigating factors, but he did not articulate them. We conclude that the trial judge's compliance with LSA-C.Cr.P. art. 894.1 was minimal.
Defendant's sentence is VACATED and the case is REMANDED FOR RESENTENCING in accordance with law and with full compliance with LSA-C.Cr.P. art. 894.1 guidelines.
NORRIS, J., concurs with written reasons.
NORRIS, Judge, concurring:
Admittedly, there is room for disagreement as to what the Supreme Court intended in its reversal of our opinion in State v. Brazzell. However, I do not consider Brazzell to stand for anything more than the Supreme Court's insistence that a sentencing judge's compliance with 894.1 must be more than "minimal" when his sentencing choice is between probation and prison and the choice is close. Here, a suspended sentence and probation is admittedly not an option for this second felony offender. I think we could safely affirm this three year sentence. However, out of an abundance of caution and out of respect for my colleagues, who see more in Brazzell than I do, I reluctantly concur.