SEXTON, Judge.
The defendant, Charles Harper, was convicted by a jury of possession of marijuana with intent to distribute in violation of LSA-R.S. 40:966(A) and was sentenced to serve a term of five years at hard labor, in addition to a $7,500 fine. He now appeals presenting two assignments of error. We affirm.

Factual Context

On August 12, 1984, an informant called the Jonesboro police station and said she could purchase marijuana from the defendant or his wife at their residence. Officer Frank Price of the Jonesboro City Police Department and Deputy Keith Watkins of the Jackson Parish Sheriffs Department searched the informant and her vehicle, gave her $30 cash and then followed her to the Harper residence. While at a distance of approximately 125-150 feet, the officers observed the informant speak with Mrs. Harper at the front door of the residence. Mrs. Harper was seen going back inside her home and returning with a bag which she handed to the informant who had returned to her car. During this exchange, the informant was observed handing something to Mrs. Harper. When the informant rejoined the police officers, $25 of the $30 *609 which she had on her person was gone. The contents of the bag received from Mrs. Harper through the informant was later determined to be marijuana. Both officers testified that defendant was standing at the door watching his wife who was approximately fifteen to twenty feet away when she gave the marijuana to the informant. When the informant left, both Mr. and Mrs. Harper and the informant waved.
Thereafter, pursuant to a search warrant, the officers searched defendant’s residence and found a Holsum bread bag containing ten bags, or lids, of marijuana rolled up inside of it in the freezer portion of the refrigerator. According to Officer Price’s testimony, the marijuana was not frozen. Deputy Watkins placed defendant and his wife under arrest and asked if there was any more marijuana in the house. Defendant showed the police a partial bag of marijuana in the dresser drawer and a small bag of marijuana seeds in a little jewelry box on top of the dresser. The total weight of the marijuana was found to be 4.4 ounces by the crime lab.
Ronald Schleuter, a detective with the Metro Narcotics Division of the Monroe Police Department, was qualified as an expert in the field of procedure and technology involved in the illegal use and distribution of dangerous controlled substances. Mr. Schleuter testified that, depending on the size, 250 to 500 cigarettes could be rolled from 4.4 ounces of marijuana and that the street value of such a quantity was $300 to $500. Mr. Schleuter testified that he had never known anyone who had possessed 4.4 ounces for his own personal use or who had purchased a year’s supply at once. Mr. Schleuter testified that one who possesses marijuana strictly for personal consumption generally keeps approximately an ounce or less of marijuana, but that one who possesses more than a quarter of a pound of marijuana does so with the intent to sell because of the required minimum investment of $300. Such quantities are usually broken down into individual bags weighing from ¼ to 1 ounce for resale. The packaging plus the amount of marijuana involved here indicated to Mr. Schleuter that the defendant was distributing the marijuana. It was Mr. Schleuter’s opinion that a heavy marijuana user would smoke three to four cigarettes a day, and heavy users generally supported themselves by selling marijuana.
The defendant testified that the marijuana found at his residence was his but that he had never kept marijuana for personal use until about a month before the arrest. He also testified that his brother-in-law asked him to go in with him and several other people to buy twenty pounds of marijuana. He stated that he thought he was getting a half ounce for the $50 he contended he paid. He said he “never did really weigh it.” The defendant continued that at the time of arrest he smoked approximately three to five cigarettes per night and that he had purchased such a large quantity so that it would last for a year.
The defendant testified that he divided the marijuana up because he did not want to carry a big bag around, and since marijuana freezes, the smaller packages could have been taken out individually to thaw. He denied an intent to distribute the marijuana at issue and contended that he had never distributed marijuana in any fashion. Moreover, he denied any knowledge of the transaction which lead to the search of his home and his eventual arrest. He stated he was watching television with his back to the refrigerator and was “too loaded” to get out of the chair and see what his wife was doing. He contended that the individual at the door was an R.T. Allen rather than himself. He did concede that his wife informed him of the transaction subsequently. No other witnesses testified on his behalf.

Assignment No. 1

Sufficiency of the Evidence

Defendant initially asserts that the State failed to produce sufficient evidence to show that he had the intent to distribute the marijuana which he admittedly possessed. This assignment lacks merit. *610 In order to satisfy due process standards, the record evidence, viewed in the light most favorable to the prosecution, must be sufficient for a rational factfinder to conclude that the essential elements of the crime were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The defendant argues that there was no direct evidence that the defendant was involved in the sale of marijuana. However, both police officers testified that the defendant was standing in the doorway watching as his wife sold the marijuana, which he agreed belonged to him, to the cooperating individual. Such evidence indicates that the defendant was a principal in the transaction. LSA-R.S. 14:24. Furthermore, the testimony of the state’s expert in the field of methods and procedure involved in the illegal use and distribution of controlled dangerous substances indicated that an amount of marijuana over four ounces was usually possessed with the intent to distribute it; that the amount of 4.4 ounces was inconsistent with personal use; and that the marijuana at issue was packaged in a form usually associated with distribution. Indeed, there was enough marijuana to make from 250-500 cigarettes. Of particular importance is the expert testimony that the marijuana involved required on initial minimum investment of $300 and could have a street value of up to $500.
This evidence, when viewed in the light most favorable to the prosecution, is sufficient for a rational factfinder to determine that the essential elements of the offense of which the defendant was convicted were proven beyond a reasonable doubt. See and compare State v. Sibley, 310 So.2d 100 (La.1975), and State v. Duncan, 420 So.2d 1105 (La.1982), with State v. House, 325 So.2d 222 (La.1975), and State v. Harveston, 389 So.2d 63 (La.1980). This assignment of error lacks merit.

Assignment No. 2

Excessiveness of Sentence

Defendant contends in his other assignment of error that the five year hard labor sentence together with the fine imposed is unconstitutionally excessive.
It is well-settled that the sentencing judge is given wide discretion in imposing a sentence within the statutory limits and such a sentence should not be set aside as excessive in the absence of a manifest abuse of discretion by the sentencing judge. State v. Square, 433 So.2d 104 (La.1983); State v. Brooks, 431 So.2d 865 (La.App.2d Cir.1983); State v. Hammonds, 434 So.2d 452 (La.App.2d Cir.1983), writ denied 439 So.2d 1074 (La.1983).
The sentencing guidelines of LSA-C.Cr.P. Art. 894.1 provide the criteria to consider in determining whether a sentence is excessive. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tully, 430 So.2d 124 (La.App.2d Cir.1983), writ denied, 435 So.2d 438 (La.1983). While the trial judge need not articulate every aggravating and mitigating circumstance outlined in Art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence to the defendant. State v. Smith, 433 So.2d 688 (La. 1983); State v. Hammonds, supra; State v. Cunningham, 431 So.2d 854 (La.App.2d Cir.1983), writ denied, 438 So.2d 1112 (La. 1983).
A sentence is constitutionally excessive in violation of Louisiana Constitution of 1974 Art. 1, § 20 if the sentence is grossly out of proportion to the severity of the offense or nothing more than a needless and purposeless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980); State v. Cunningham, supra.
We are mindful of the recent decision of this court in State v. Smith, 485 So.2d 112 (La.App.2d Cir.1986). Smith was motivated by the Supreme Court reversal of our unpublished State v. Brazzell, 476 So.2d 1191 (La.App.2d Cir.1985), wherein we originally upheld a three year sentence at hard labor for distribution of marijuana. In State v. Brazzell, 479 So.2d 914 *611 (La.1985), the Supreme Court granted the defendant’s writ and set aside the defendant’s sentence noting that the sentence was “apparently severe.” The Supreme Court remanded to the district court for Article 894.1 compliance.
The factual circumstances of Brazzell as compared to those of Smith were set forth in the Smith opinion:
Although Brazzell was a first felony offender, he had two prior misdemeanor convictions, one of which was for possession of marijuana which occurred only a short time before the distribution charge. Mr. Brazzell was separated from his wife, had only one child, and had an unstable employment record.
In the instant case, the defendant has a stable work history and stable family life. He has a wife and six minor children who depend upon him as their sole support. The sentencing hearing does not specifically reflect that the substantial mitigating factors were considered by the trial judge. Although defendant has a prior felony conviction, he has, insofar as is reflected in the PSI and the sentencing hearing, led a law abiding life for approximately eighteen years before he committed the instant offense. We further note that the nature of defendant’s prior felony is unrelated to the present offense. This very old felony conviction, when considered in light of defendant’s long crime-free life, and his stable family and excellent work record, is entitled to little consideration in the determination of the length of defendant’s prison sentence. See LSA-C.Cr.P. art. 894.1, subd. B(7).
In Smith, our court concluded that the sentence was apparently excessive based upon the Supreme Court’s evaluation of the same sentence for the same offense in the Brazzell case where the defendant had a poor work record and no family stability and had been recently convicted of possession of marijuana. The Smith court noted that this circuit was required to follow the opinions of our Supreme Court and thus vacated the sentence as apparently excessive.
Thus, the holding in Smith was premised upon our court’s belief that the Brazzell writ grant language meant that a sentence for an offender situated in such a posture as Brazzell was excessive. Upon further reflection, however, and without additional instruction from the Supreme Court on this matter, we decline to give the directive that construction. We are now inclined to agree with Judge Norris’ concurrence in Smith that the language employed by the Supreme Court in setting aside this sentence and remanding to the trial court merely underscored the Supreme Court’s insistence that when a close sentencing choice between incarceration and probation is evident, the sentencing judge’s compliance with 894.1 must be more than minimal and will be closely scrutinized.
We therefore determine that the import of the directive statement in the writ grant in Brazzell, is to the effect that the trial court inadequately articulated its reasons for the sentencing choice as mandated by LSA-C.Cr.P. Art. 894.1 and, as a consequence, the sentence was “apparently severe.”
With Brazzell and Smith in that perspective, we note that the trial court specifically found all three aggravating circumstances of LSA-C.Cr.P Art. 894.1 were present and, therefore, determined that incarceration was necessary. The trial judge found that the defendant’s conduct threatened serious harm because he was prepared to distribute a dangerous substance and that defendant should have contemplated that this conduct would cause or threaten serious harm to someone who might use the substance. Furthermore, the trial court found that defendant did not act under provocation and that there were no substantial grounds tending to excuse or justify his conduct.
Although the defendant only has a history of minor criminal conduct consisting of disposing of mortgaged property and issuing worthless checks, the trial court found that his conduct was the result of circum *612 stances that were likely to recur because the defendant bought his marijuana from acquaintances and held it at his residence. Additionally, the character and attitude of the defendant did not indicate that he was unlikely to commit another such crime. Furthermore, the trial court felt that defendant was not particularly likely to respond affirmatively to probationary treatment; that although imprisonment of the defendant would entail some hardship to himself and his dependent, this hardship was not excessive.
There was no pre-sentence investigation conducted on this defendant who was 23 years old at the time of sentencing. However, except for the relatively small amount of marijuana involved and the age of the defendant, there is no indication of mitigating factors. We conclude that the trial court thoroughly considered the mitigating circumstances herein in imposing the sentence. Furthermore, the trial court adequately complied with Art. 894.1 in articulating the reasons supporting his sentencing decision. The sentence is not grossly disproportionate to the severity of the crime, and as such, we discern no abuse of discretion in the trial judge’s sentence in this cause. Consequently, the defendant’s conviction and sentence are affirmed.
AFFIRMED.
JASPER E. JONES, J., concurs with additional reasons.