JASPER E. JONES, Judge,
concurring.
I totally agree with the results reached in this opinion and find it supported by good reasons in every respect with the single exception of the analysis of State v. Brazzell, 476 So.2d 1191, (La.App.2d Cir. 1986), writ granted, 479 So.2d 914 (La. 1985)[1] and State v. Smith, 485 So.2d 112 (La.App.2d Cir.1986) contained in the discussion of the defendant’s assignment of error related to excessive sentence.
In the unpublished opinion of the Second Circuit of State v. Brazzell, all of the facts contained in the record to support and justify the sentence were clearly articulated. When the Supreme Court reversed this sentence as being apparently excessive, it necessarily had to be saying that it was excessive if there were no additional reasons to support the sentence that could be articulated on remand in compliance with LSA-C. Cr.P. art. 894.1. The reason this must be true is because we must assume that the Supreme Court reviewed our opinion affirming the sentence and the record upon which it was based. The Supreme Court was saying the record does not illume the sentencing choice. If the facts set forth in support of the sentence in our unpublished opinion were adequate to support the sentence in Brazzell the Supreme Court would not have reversed the sentence for further compliance with 894.1 guidelines.
We said in Smith that the circumstances supporting the sentence in Smith which was identical to the sentence in Brazzell were no more severe than those contained and recited in our unpublished opinion in Brazzell which were set out in the published Smith opinion. For this reason we concluded the Supreme Court’s reversal of the sentence in Brazzell required a determination that the Smith sentence was excessive.
Judge Sexton’s analysis of Brazzell and Smith contrary to these conclusions is incorrect and unnecessary to support affirming the sentence rendered herein which was otherwise fully justified.

. The Supreme Court’s brief opinion was: “Granted. Sentence, apparently severe, is set aside. Remanded to the district court in compliance with La.C.Cr.P. Art. 894.1.”