507 So.2d 1225 (1987)
HALL CONSTRUCTION CO., INC., Appellant,
v.
Charles H. BEYNON d/b/a Beynon's Floors and Walls, Appellee.
No. 86-1268.
District Court of Appeal of Florida, Fifth District.
June 4, 1987.
*1226 Lester A. Lewis of Coble, Barkin, Rothert, Gordon, Morris, Lewis & Reynolds, P.A., Daytona Beach, for appellant.
Anderson C. Hill, II, Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a judgment in a contract case. The judgment requires a subcontractor, appellee, to pay approximately $4,500 to the general contractor, appellant, who claims that it is entitled to more. This suit for damages was based upon a "purchase order" which contained the following provision:
4. Supplier hereby agrees that TIME IS OF THE ESSENCE and that Hall Construction Co., Inc. relies on the timely performance by the supplier. In the event timely performance is impossible for reasons beyond the control of the supplier, he shall immediately obtain a written extension of time duly signed by the Architect. The parties hereto agree that a supplier who delays performance beyond the time agreed upon in this Purchase Order shall have caused Hall Construction Co., Inc. liquidated damages in the amount required of Hall Construction Co., Inc. by their contract per day for each day such delay continues which sum the supplier hereby agrees to pay [emphasis supplied].
Because of delays in construction, appellant was required to pay the owner of the property $20,000 in liquidated damages. This $20,000 figure was actually a reduced settlement amount because the general contract called for liquidated damages between the owner and the general contractor in the amount of $1,000 per day and the delay was over sixty days.
Because appellee was one of the several subcontractors responsible for the delay, the contractor worked out a plan for apportionment between the subcontractors. Appellee refused to pay his portion. On appeal, appellant claims that it is entitled to all damages suffered as a result of the sixty-six day delay. Such damages are said to include not only the $20,000 assessed by the owner but also losses incurred by appellant for labor and other overhead expenses expended as a result of the delay.
The above quoted paragraph is the controlling contractual provision. While this provision is not an example of good and precise legal draftsmanship, it is capable of interpretation, is not ambiguous, and even if it was ambiguous would be construed against appellant, the supplier of the contract. This paragraph specifically states that "a supplier who delays performance beyond the time agreed upon in this Purchase Order shall have caused" Hall damages in a specified liquidated amount.
Liquidated damages is a fictitious contractual amount which the parties agree will be paid for breach if damages are not readily ascertainable at the time the contract is drawn. McNorton v. Pan American Bank of Orlando, 387 So.2d 393 (Fla. 5th DCA 1980), rev. den., 392 So.2d 1377 (Fla. 1981). Although appellant maintains that it is entitled to liquidated damages as well as actual damages suffered as a result of the delay, we find that the parol evidence rule precludes such a finding. As Professor Kuenzel of the Stetson University College of Law, and most likely all other contracts professors teach "... If you write it at all, then write it all because if you write it at all, it will be presumed you wrote it all."
Had the general contractor been aware of the parol evidence rule, a different contract may have been provided. For example, a contract with one paragraph for indemnification *1227 of all liquidated, or other, damages paid by the general to the owner and another paragraph for payment of other actual, consequential damages suffered by the general as a result of the delay caused by the sub. We affirm the judgment.
AFFIRMED.
COBB, J., and LOCKETT, J.T., Associate Judge, concur.