# WILLO PRODUCTS COMPANY, INC. v GRAHAM CONTRACTING, INC., etc., et al.

## Case No. 86-11174

Ninth Judicial Circuit, Orange County

March 1, 1989

## OPINION OF THE COURT

EMERSON R. THOMPSON, JR., Circuit Judge.

### ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY FINAL JUDGMENT

THIS CAUSE CAME before the Court for hearing on Tuesday, December 13, 1988 on the motion for partial summary final judgment filed in this action by Plaintiff/Counterdefendant Willo Products Company, Inc. ("Willo"). Upon the said motion, supporting memorandum, the record herein and argument of counsel, the Court determines as follows:

1. The subcontract agreement between Willo and Defendant/Counterclaimant Graham Contracting, Inc. ("Graham") incorporated by reference, without any stated limitation, all of the provisions of the prime contract between Graham and Osceola County (the "Owner");

additionally, physically annexed to the Willo-Graham subcontract were the General Conditions of the Contract for Construction between Graham and the Owner and certain Supplementary General Conditions between Graham and the Owner. Article 5.3.1 of the said General Conditions required that Graham require each subcontractor, to the extent of the subcontractor's work, to be bound to the Contractor (Graham) by the terms of the contract documents and to assume toward the Contractor (Graham) all the obligations and responsibilities which the Contractor (Graham) assumed to the Owner by the contract documents. Section 9.10 of the said Supplementary General Conditions contained a liquidated damages clause which liquidated financial loss by reason of delay at $1,750.00 per day.

2. The following events are established in the record through Graham's answers to interrogatories and the affidavit of Lynn D. Ozier and otherwise are not disputed as issues of material fact:

A. The original substantial completion date for the project was September 12, 1985.

B. The substantial completion date was contractually modified by change orders between Graham and the Owner to January 4, 1986 (See Affidavit of Lynn D. Ozier and change order no. 20 attached thereto and Graham's answers to interrogatories numbers 9 and 13.)

C. The actual substantial completion date was January 15, 1986. (See Affidavit of Lynn D. Ozier and attached letter dated January 17, 1986 from the Owner.)

D. Graham was assessed 9 days of liquidated damages at $1,750.00 per day for substantial completion of the project beyond January 4, 1986. (See Graham's answers to interrogatories numbers 13 and 14B.)

3. It is the general rule as recognized by the Florida Supreme Court that interpretation of a document is ordinarily a question of law for the Court. In *Peacock Const. Co. v Modern Air Condition, Inc.,* 353 So.2d 840 (Fla. 1977) the Florida Supreme Court recognized this principle and held that contract interpretation concerning the intention of the parties is a matter of law when the nature of the transaction lends itself to judicial interpretation. The Supreme Court further recognized that ". . . contracts between small subcontractors and general contractors on large construction projects are such transactions." *Id.,* p. 842 (n. 1, 2). Moreover, in construing a contract the Court must consider the objects to be accomplished by the agreement, should place itself in the position of the parties when the contract was signed and should reach an interpretation consistent with reason, probability and practicality.

132

*Bay Management, Inc. v Beau Monde, Inc.,* 366 So.2d 788 (Fla. 1st DCA 1978). Furthermore, a provision in a contract will be construed most strongly against the party who drafted it. *Home Sav. of America, FA v Roehner,* 490 So.2d 612 (Fla. 4th DCA 1986).

4. A damage claim is held to be liquidated in character if the amount thereof is fixed, has been agreed upon, or is capable of ascertainment by mathematical computation or operation of law. *Robinson v Loyola Foundation, Inc.,* 236 So.2d 154 (Fla. 1st DCA 1970). In this regard, both liquidated and actual damages may not be awarded for the same injury. Parties may in their contract agree that certain types of damages difficult to estimate be covered by liquidated damages and other types be ascertained in the usual manner, but that may not be "double recovery" for the same elements of damage. See generally, 17 Fla. Jur.2d, Damages, Section 108; *Hall v Beynor,* 507 So.2d 1225 (Fla. 5th DCA 1987); *Hillsborough County Aviation Authority v Cone Bros. Constr. Co.,* 285 So.2d 619 (Fla. 2d DCA 1973).

5. The Willo-Graham subcontract was drafted by Graham and annexed to it were the said General Conditions and the said Special Conditions. It is the interpretation of this Court that the Willo-Graham subcontract incorporated by reference without limitation the prime contract between Graham and the Owner, including the liquidated damages provision contained in the Supplementary General Conditions, which were physically annexed to the said subcontract. This provision liquidated at $1,750.00 per day the financial loss Graham would incur by reason of construction delays beyond the owner-agreed substantial completion date. That date originally was September 12, 1985 but was contractually modified by owner change orders to January 4, 1986. Those change orders were contractual modifications of the Graham-Owner prime contract. Because that prime contract had been incorporated by reference without limitation into the Willo-Graham subcontract, and because Willo as relating to its scope of work had contractually assumed to Graham the same obligations and responsibilities which Graham assumed to the Owner, the contractually modified substantial completion date also applied to Willo and Willo was obligated and entitled to meet that date as relating to its scope of work.

6. The Court further determined that subparagraph (a) of clause three of the Willo-Graham subcontract does not constitute a contractual reservation of any injuries to Graham from the operation of liquidated damages. Subparagraph (a) of clause three seeks to reserve general damages for financial loss to Graham and against Willo ". . . due to failure to complete the entire building . . . by the date agreed

133

upon between the Owner and Contractor . . ." This financial loss constitutes the same element of damage liquidated in the liquidated damages provision and therefore is not enforceable. See *Hall* and *Hillsborough County Aviation Authority, supra.* Also, both counsel stipulated to the Court, and the Court agrees, that subparagraph (b) of the second clause of the Willo-Graham subcontract is not enforceable as a liquidated damage provision, and therefore is not enforceable or germane, because the clause contains no agreed, fixed or stipulated sum, nor is the sum therein described capable of ascertainment by mathematical computation or operation of law. See *Robinson, supra.*

It is thereupon ORDERED AND ADJUDGED that Plaintiff/Counterdefendant Willo's motion for partial summary judgment is granted and accordingly:

A. the Court grants partial summary judgment in favor of Willo and against Graham on the defenses in the Answer and Affirmative Defenses and as to the issues in the Counterclaim relating to Willo's liability for actual damages from financial loss to Graham by reason of delayed substantial completion of the project; and

B. the Court reserves for trial the factual issues of whether some part or all of the liquidated damages assessed by the Owner for delayed substantial completion (from and after January 4, 1986 through January 15, 1986) are recoverable against Willo on Graham's Counterclaim and would constitute a setoff against sums claimed by Willo in its Complaint for its subcontract balance and retainage, together with any other unrelated liability and damages issues framed by the pleading.

DONE and ORDERED in Chambers at Orlando, Orange County, Florida, this 1st day of March, 1989.