589 So.2d 983 (1991)
BROWARD County, Appellant,
v.
RUSSELL, INC., a Florida Corporation, Appellee.
No. 90-3212.
District Court of Appeal of Florida, Fourth District.
November 13, 1991.
Certification Denied December 24, 1991.
Michael J. Kerr, John J. Copelan, Jr., Alexander Cocalis, and Andrea Karns Hoffman, Fort Lauderdale, for appellant.
*984 Jeffrey V. Nelson, Mike Piscitelli, and Mary M. Piccard of Cummings, Lawrence & Vezina, P.A., Tallahassee, for appellee.
POLEN, Judge.
The appellant challenges the jury verdict entered in favor of the appellee in the amount of $441,564. Specifically at issue was the appellant's entitlement to home office overhead damages which were calculated through the application of the Eichleay formula.[1] The appellant also argued that the trial court should have instructed the jury on its version of the doctrine of concurrent delay.
We find no error in the use of the Eichleay formula. There was evidence in the record that the formula has been widely used for some time in the federal courts, by the boards of contract appeals and the Florida Department of Transportation. There was also evidence that the Eichleay formula has been used in Broward County courts in the past; however, no Florida appellate court has heretofore ruled on the admissibility and use of the formula for the purposes of litigation.
The appellant based its argument for the rejection of the Eichleay formula in large part on Berley Industries, Inc. v. City of New York, 45 N.Y.2d 683, 412 N.Y.S.2d 589, 385 N.E.2d 281 (C.A.N.Y. 1978). In that case the New York Court of Appeals rejected the use of the Eichleay formula rather boldly; however, the concurring opinion of Justice Jones more dispassionately demonstrated that while Eichleay may not have been of use in the case sub judice, it may still be a useful tool for measuring home office overhead damages in other cases where evidence of actual damages is more properly presented. 412 N.Y.S.2d at 592, 385 N.E.2d at 284. The problem in Berley seems to be that the plaintiff did not offer evidence of actual home office overhead damages but applied the Eichleay formula mechanically, which the majority likened to an "administrative convenience." 412 N.Y.S.2d at 591, 385 N.E.2d at 283.
We hold that the use of the Eichleay formula for the calculation of home office overhead damages is proper as long as there is competent evidence of actual damages of this variety having been sustained by the party seeking relief. In holding as such we are aligning ourselves with Capital Electric Company v. United States, 729 F.2d 743 (Fed. Cir.1984), and Williams Enterprises, Inc. v. Sherman R. Smoot Company, 938 F.2d 230 (D.C. Cir.1991). In the latter two cases the use of the Eichleay formula was specifically condoned by the respective Federal Courts.
The remaining contention of the appellant is that the trial court erred in failing to give proposed instructions on concurrent delay. The doctrine of concurrent delay involves the premise that where both parties to the litigation caused delays then neither party can recover damages for that period of time when both parties were at fault. We find, and the appellant agreed, that the trial court's instructions on proximate causation were proper ones to give and we do not find any reasonable possibility that the jury could have been misled by the absence of the proposed instruction.
*985 The trial court has wide discretion in decisions regarding jury instructions and we will not reverse on those grounds unless there is prejudicial error which would result in a miscarriage of justice. Goldschmidt v. Holman, 571 So.2d 422 (Fla. 1990). We find that there was no error in this case with regard to the jury instructions given by the trial court.
Accordingly, we affirm the final judgment in favor of the appellee in all respects.
DOWNEY and ANSTEAD, JJ., concur.
NOTES
[1] The Eichleay formula is a method for the calculation of home office overhead damages and is best described by the following diagram:
1. Delayed Contract Billings
 ___________________________ X Total Home Office = Overhead
 Contractor's Total Billings Expenditures Allocable
 to Contract
2. Overhead Allocable
 to the Contract
 ____________________________ = Overhead Allocable Per Day
 Days of Contract Performance
3. Daily Overhead X Days of Delay = Extended Overhead