NORRIS, Judge.
Ronnie Ray Baird was charged by bill of information with distribution of marijuana, La.R.S. 40:966 A(l), arising from a controlled sale to an undercover officer in 1982. He proceeded to a jury trial and was found guilty as charged; however, while awaiting sentence he jumped bond and spent several years undetected in Arkansas. He was recaptured in December 1989 and sentenced to 10 years at hard labor. He lodged the instant out-of-time appeal, urging the sentence is excessive. For the reasons expressed, we affirm.
Bossier City Police Officers Mark Holley and Steve Rambo met with a confidential informant on the evening of May 6, 1982; they decided to make a controlled purchase from a man named “Ron” on Wanda Street. With Rambo in surveillance, Holley and the Cl climbed the stairs to the garage apartment and were admitted by a man whom Holley identified as the defendant, Ronnie Baird. Inside the apartment, Holley told Baird he would like to buy some marijuana; Baird sold him a small bag “as is” for $25. Baird commented that he normally sold marijuana in quarter-pound lots for $125 and that Holley should “just stop by any time.” On one occasion shortly after the controlled sale Holley returned to the apartment but Baird told him he had no marijuana at the time; on two occasions after that Holley stopped by to find no one home. The contents of the bag taken in the controlled sale tested positive for marijuana.
Baird was not arrested until October 13, 1982; according to Officer Rambo, it took *816 some time to determine Ron’s last name. At trial in April 1983, Baird urged defenses of alibi and mistaken identity. Testifying in his own behalf, Baird insisted he had never seen Officer Holley until the preliminary examination. The jury found Baird guilty as charged and the court allowed him to remain free on bond until sentencing. On the sentencing date, however, Baird did not appear; in fact, he remained at large until he was arrested in Arkansas in December 1989 and remanded to Bossier Parish.
The test of excessiveness is two-tiered. First the record must show the district court took cognizance of the guidelines of La.C.Cr.P. art. 894.1. The court is not required to list every aggravating or mitigating factor; an empty recital of statutory factors is not the goal of the article. State v. Smith, 433 So.2d 688 (La.1983). The goal is, rather, to state for the record a factual basis for sentence. The important elements to be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of the offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981); State v. Hudgins, 519 So.2d 400 (La.App.2d Cir.), writ denied 521 So.2d 1143 (La.1988).
Having ordered a PSI in 1983 and reviewed it for the instant sentencing, the district court restated the facts of the case and discussed the important elements at great length. For instance, it noted that Baird was born in 1953, so he is not a youthful offender; he quit school at age 16; was married briefly but separated in 1973 and then lived six years in a common-law marriage with a woman he planned to marry; he had a nine-year old son; and had worked construction. Baird stated at the sentencing hearing that he had a “good trade” as a carpenter. The disturbing portion of Baird’s social history, however, was his admission that since age 19 he had used marijuana, barbiturates and LSD, and had experimented with heroin. Though he denied using drugs since 1982, the instant offense occurred in May of that year.
Baird’s prior criminal record was unfavorable. He had a “significant” juvenile record dating from 1969. In 1973 he received two Texas convictions for simple burglary (felonies), the second incident occurring while he was on probation for the first. He was paroled in Texas in 1977; in 1981 he was convicted of aggravated assault in Bossier Parish. The instant offense occurred about one year later and was Baird’s third felony. By Baird’s own admission, he jumped bail; this would be yet another felony. La.R.S. 14:110.1. His criminal history supports the court's conclusion that Baird is likely to commit further crime.
The court did not dispute counsel’s comment that there was a “considerably small quantity” of marijuana involved in this offense. However, Baird told Officer Holley that he normally sold it in larger parcels at a larger price. This, together with the admission of substantial drug use, would support a finding that Baird’s character and attitude are suggestive of further crime, even though the district court did not positively say so. R. p. 282. These facts justify an upper-end sentence.
Finally the court considered Baird’s flight from justice and his six years on the lam in Arkansas. Even though this was, according to Baird, a crime-free period, it was less indicative of an intent to live an honest life than to avoid capture. At the sentencing, Baird still denied his guilt. The court found his attitude “cavalier,” an assessment we cannot dispute.
After giving this detailed discussion of the offense and the offender, the court recited several of the art. 894.1 factors. R. pp. 282-283. Standing alone, this recital would perhaps not justify the sentence imposed. However, in light of the very thorough discussion of the facts and of Baird’s history, we have no difficulty finding a solid factual basis. The trial court’s overall compliance with the guidelines is adequate.
The second tier is constitutional exces-siveness. A sentence violates La. Const, art. 1 § 20 if it is grossly out of proportion to the seriousness of the offense or nothing *817 more than purposeless and needless imposition of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, the sentence shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985). As a general rule, maximum sentences are reserved for cases involving the most serious violations of the charged offense and the worst kind of offender. State v. Quebedeaux, 424 So.2d 1009 (La.1982); State v. Madison, 535 So.2d 1024 (La.App.2d Cir.1988). The sentencing judge, however, has wide discretion in imposing a sentence within statutory bounds and such a sentence will not be set aside as excessive absent an abuse of that discretion. State v. Square, 433 So.2d 104 (La.1983).
Prior to September 1, 1987, La.R.S. 40:966 B(2) set the maximum sentence for distributing marijuana at 10 years at hard labor and a fine of $15,000. The maximum time is now 30 years at hard labor. The district court stated that Baird would be sentenced under the older law, in effect when the offense occurred. The maximum prison time (but no fine) was imposed. Baird urges in brief that his “maximum sentence * * * is particularly suspect.”
Because of his extensive criminal record Baird qualifies as the “worst kind” of offender. In addition to two prior felonies, he had a violent misdemeanor, a juvenile record and a failed probation. He admitted a subsequent felony for jumping bail. His record is much worse than that of the defendant in State v. Brazell, 499 So.2d 177 (La.App.2d Cir.1986), writ denied 501 So.2d 206 (La.1987), in which a first felony offender’s sentence of three years at hard labor for selling marijuana was reduced to two years. Although Baird’s adult record contained no other drug-related offenses, he has not led a law-abiding life. He has constantly denied his guilt even in the face of direct evidence, a fair trial and a jury verdict. He eluded justice for several years.
As for “most serious violation,” we will concede that the sale of a $25 bag of marijuana is a small transaction. In other circumstances, a truly isolated and small sale would counsel for a near-minimum or suspended sentence. See State v. Vampran, 459 So.2d 1333 (La.App. 1st Cir.1984); State v. Drummer, 537 So.2d 772 (La.App.2d Cir.), writ denied 543 So.2d 17 (La.1989). It is significant, however, that Baird told Officer Holley that he normally sold marijuana in larger lots and encouraged him to stop by “any time”; on a later date he told Holley he had nothing “at the time.” Baird did not contradict these remarks except to testify that he was elsewhere when they were allegedly made. Moreover, Baird’s statement in the PSI that he has not used any drugs “since 1982” is hard to square with the instant offense, which occurred in May 1982. We are not convinced that the instant sale was truly an isolated event and the case is thus distinguished from State v. Vampran and State v. Drummer, supra.
On the instant record the district court honored the guidelines and gave a full factual basis for imposing maximum prison time. State v. Madison, supra; see also State v. Smith, 485 So.2d 112 (La.App.2d Cir.1986) (concurrence by Norris, J.).
We would finally note that the instant sentence, though imposing the maximum prison time, does not impose any fine and thus need not be considered “virtually” the maximum sentence allowable. See State v. Jones, supra. This sentence is not grossly out of proportion to the offense and the offender, and it does not shock our sense of justice. It is affirmed.
We have reviewed the entire record and find nothing we consider to be error patent. La.C.Cr.P. art. 920(2).
For the reasons expressed, Ronnie Ray Baird’s conviction and sentence are affirmed.
AFFIRMED.