679 So.2d 1226 (1996)
CENTRAL FLORIDA PLASTERING AND DEVELOPMENT, etc., et al., Appellant,
v.
SOVRAN CONSTRUCTION COMPANY, INC., Appellee.
No. 95-1613.
District Court of Appeal of Florida, Fifth District.
August 30, 1996.
Rehearing Denied October 2, 1996.
*1227 Kimberly A. Ashby of Maguire, Voorhis & Wells, P.A., Orlando, for Appellant.
James M. Talley and Kristy C. Brown of Fisher, Rushmer, Werrenrath, Wack & Dickson, P.A., Orlando, for Appellee.
ANTOON, Judge.
Central Florida Plastering and Development Company, Inc. (CFP) and its surety, Washington International Insurance Company (Washington), appeal the final judgment entered against them and in favor of Sovran Construction Company, Inc. (Sovran). We conclude that the trial court erred in admitting evidence of delay damages in two respects: (1) In allowing Sovran's expert witness to give his opinion as to the amount of damages without a sufficient factual basis, and (2) in allowing the jury to consider liquidated damages. Thus, we affirm the judgment against CFP and Washington for damages awarded as a result of CFP's deficient work, but reverse the award of damages for delay.

FACTS
Sovran contracted with the Orange County School Board (School Board) for the construction of Cypress Creek High School. Sovran, in turn, entered into three subcontracts with CFP requiring CFP to install lath and stucco panels on the exterior walls of the school and to install ceiling framing in the school auditorium. In recognition of Sovran's obligation to the School Board to pay liquidated damages of $1000 per day for each day beyond the scheduled completion date, each subcontract between CFP and Sovran called for CFP to indemnify Sovran "on account of any such damages and additional costs as a result of delays of CFP."
At the time CFP installed the stucco panels, the roofs were not yet on the buildings. Five months passed before the flashing and parapets were installed, leaving the tops of the panels exposed to rain. The panels became loose and pulled away from the buildings. The parties could not agree on the cause of the failure. Sovran contended that the nails used to secure the panels to the walls were too short. CFP, on the other hand, argued that the panels had become heavy due to rain absorption, increasing the load on the nails.
During the construction, the School Board became concerned over the progress of the project and served Sovran with a Notice to Terminate. There were many delays referenced in the Notice to Terminate for which CFP had no responsibility and which were attributable to Sovran or other subcontractors. Sovran, in response to the Notice to Terminate, renegotiated its contract with the School Board. As a result of these negotiations, Sovran and the School Board entered into a Completion Agreement requiring Sovran to correct certain construction problems and extending the completion date. As a part of the Completion Agreement, Sovran agreed that the original liquidated damages provision be increased from $1,000 to $5,000 per day. CFP was not a party to the Completion Agreement and was not consulted regarding the increased liquidated damages.
Thereafter, a dispute arose between Sovran and CFP. CFP requested change orders prior to rectifying the panel problem. Sovran insisted that change orders were unnecessary and that CFP was obligated to correct the problem at its own expense. When the parties were unable to resolve this dispute, *1228 CFP quit the job. Sovran sued CFP for the costs Sovran incurred to repair defects in CFP's work and for delay damages. The jury found that CFP had breached its contract with Sovran and awarded $566,106 in damages against CFP and Washington for repairs of the defective work and $204,000 against CFP for delay damages.

OPINION TESTIMONY
Kenneth Vanderjagt, Sovran's expert, testified as to the total amount of delay damages. CFP objected to Mr. Vanderjagt's testimony because Mr. Vanderjagt had not applied the Eichleay formula[1] or otherwise calculated with any certainty the amount of the damages. Mr. Vanderjagt testified that although he invariably used the Eichleay formula, he did not do so in this case because Sovran had not provided him with the information he needed to apply the formula. Even though most contractors have detailed computer reports which will allow calculation of expenses, Mr. Vanderjagt was not asked to look at any such records "in any detail." Instead, he merely "assumed" several numbers in reaching his opinion.
One of the assumed figures Mr. Vanderjagt used to formulate his opinion as to the amount of delay damages was $1,500 per day for what he categorized as "general condition expenses," which include the costs of trailers, telephones and personnel. These expenses, according to Mr. Vanderjagt, were incurred directly by Sovran because it had to stay on the job longer than expected. When asked how he arrived at the general condition expenses, he explained:
Well, I didn't have a figure from Sovran and I wasn't asked to do that analysis. So I estimated what I thought was very conservatively [sic] and came forth with that figure. That's what I continued to use.
Mr. Vanderjagt also included in his calculation of delay damages a home office expense of $500 per day. He explained his determination of this figure:
Again, I very conservatively estimated a figure of $500 per day for the contractor's unabsorbed home office or main office overhead expense. So, again, I told Sovran that's the number I was using. They told me they thought that was conservative. Sovran hasn't paid me to investigate that cost of the detail. But that's what I'm using for this calculation.
With the addition of the $5,000 per day liquidated damages, he found that total delay damages were "on the order" of $1.5 million. Mr. Vanderjagt concluded that CFP was liable for $204,000 of that total.
Relying on subsection 90.705(2), Florida Statutes (1995), CFP correctly argues that Mr. Vanderjagt's testimony regarding delay damages should have been excluded because it was speculative. The statute provides:
Prior to the witness giving the opinion, a party against whom the opinion or inference is offered may conduct a voir dire examination of the witness directed to the underlying facts or data for the witness's opinion. If the party establishes prima facie evidence that the expert does not have a sufficient basis for the opinion, the opinions and inferences of the expert are inadmissible unless the party offering the testimony establishes the underlying facts or data.
Mr. Vanderjagt clearly did not have a sufficient factual basis for his opinions regarding delay damages, apparently because the necessary data was not provided by Sovran. We reject Sovran's argument that one of its employees later provided the jury with data which, although different from Mr. Vanderjagt's estimates, could have supported the jury's conclusion regarding delay damages. We do so because the figures were not the same, and there was no indication that the jury was persuaded by the employee's testimony. On the contrary, the jury obviously accepted Mr. Vanderjagt's testimony because it returned a verdict of $204,000 for delay *1229 damagesthe exact amount testified to by Mr. Vanderjagt.
Even if Mr. Vanderjagt's opinion as to the amount of delay damages had been supported by underlying facts, reversal would still be required. Sovran was required to provide a reasonable basis for apportionment of delay between subcontractors who were concurrently responsible for delay. See United States v. J.H. Copeland & Sons Constr., Inc., 568 F.2d 1159, 1161 (5th Cir.), cert. denied, 436 U.S. 957, 98 S.Ct. 3072, 57 L.Ed.2d 1123 (1978). Mr. Vanderjagt failed to provide this reasonable basis.

LIQUIDATED DAMAGES
Finally, CFP argues that the trial judge erred in allowing Sovran to argue that CFP was responsible for liquidated damages in the amount of $5,000 per day as provided in the Completion Agreement executed by Sovran and the School Board. Because it was not a party to the Completion Agreement, CFP contends that its responsibility for liquidated damages is limited to the $1,000 per day amount included in its contract with Sovran.
We agree that the amount of liquidated damages for which CFP is liable should be calculated using the $1,000 per day multiplier set forth in the contract between CFP and Sovran, because CFP was not a party to the School Board/Sovran Completion Agreement and cannot be held to its terms. The decision Hall Construction Co. v. Beynon, 507 So. 2d 1225 (Fla. 5th DCA 1987), relied upon by Sovran to argue that the entire $5,000 per day amount should be passed through to CFP under the CFP/Sovran contract, is distinguishable. The Hall contract contained sweeping language requiring that the subcontractor pay the amount required of the general contractor. The language of the CFP/Sovran contract is not so broad. However, our conclusion as to the per diem amount does not end our inquiry.
Although the per diem amount is set, the problem with assessing liquidated damages against CFP is that the number of delay days for which Sovran would be held liable to the School Board has not been determined. The School Board was not a party to the instant action nor is there any indication that it has yet filed suit or reached an agreement with Sovran as to the number of delay days for which Sovran would be liable. Until that figure is finalized, there is no way to determine the amount of "pass through" liquidated damages for which CFP must indemnify Sovran, i.e., the number of days CFP's delay damaged Sovran multiplied by $1,000. Accordingly, to the extent that the $204,000 in delay damages assessed against CFP included a liquidated damage amount, we reverse that assessment as premature.
We reverse the judgment against CFP for the $204,000 assessed for delay damages, but affirm in all other respects.
AFFIRMED in part, and REVERSED in part.
HARRIS and THOMPSON, JJ., concur.
NOTES
[1] The Eichleay formula is a method for the calculation of home office overhead damages. The court in Broward County v. Russell, Inc., 589 So.2d 983 (Fla. 4th DCA 1991) held that "the use of the Eichleay formula for the calculation of home office overhead damages is proper as long as there is competent evidence of actual damages of this variety having been sustained by the party seeking relief." Id. at 984.