MAY, J.
(dissenting).
I respectfully dissent.
“Damages” is defined as “[m]oney claimed by, or ordered to be paid to, a person as compensation for a loss or injury.” Black’s Law Dictionary 416 (8th ed. *135 2004). Florida law has long embraced the age-old principle that a party is entitled to damages caused by another’s breach as long as those damages are reasonably foreseeable, flow from that wrongdoing, and established by competent evidence. Hadley v. Baxendale, 9 Exch. 341, 156 Eng. Rep. 145 (1854); Poinsettia Dairy Prod. v. Wessel Co., 123 Fla. 120, 129-30, 166 So. 306 (Fla.1936); see, e.g., River Bridge Corp. v. Am. Somax Ventures, 18 So.3d 648 (Fla. 4th DCA 2009); Forest’s Mens Shop v. Schmidt, 536 So.2d 334 (Fla. 4th DCA 1988). Yet, today the majority imposes an artificial restriction on establishing home offiee overhead damages for a government created delay in performance — suspension as a prerequisite to entitlement.
Damages by their very nature should not be confined to artificial, finite rules because the wrongdoing, causation, and resulting losses are as vast and varied as the facts that bring them to the judicial system. Rather, proving damages should be controlled by well-established principles to insure against speculation. Damages must be supported by competent evidence and causally linked to the wrong, thereby placing all on notice of the consequences of any wrongdoing.
I completely agree with the majority’s explanation of the evolution of the Eichleay [1] formula for measuring home office overhead damages and the prerequisites to be met before the formula is applied. Indeed, the federal courts and this court have identified the Eichleay formula as “a” proper measure of overhead expenses when the government “suspends,” or the government delay amounts to a “suspension” of, a project. See, e.g., Broward County v. Brooks Builders, Inc., 908 So.2d 536, 540-41 (Fla. 4th DCA 2005); Triple R Paving, Inc. v. Broward County, 774 So.2d 50, 57 (Fla. 4th DCA 2000); Broward County v. Russell, Inc., 589 So.2d 983, 984 (Fla. 4th DCA 1991). When a government suspension or its equivalent occurs, home office overhead damages to the contractor may arise and the Eichleay formula for calculating them may be applied. See id. But here, there was no government suspension or its equivalent. Instead, due to the government’s failure to accurately inform the contractor of the condition of the property, the contractor’s work was increased, took considerably longer to complete, prevented it from performing other work, and caused additional expense.
In my view, Eichleay was never designed to apply under these circumstances. The contractor should not be foreclosed from proving home office overhead damages it sustained from the government’s wrongdoing. Had the contractor known in advance the length of time and cost it would eventually take to complete the job, its bid would surely have included some percentage of home office overhead to offset its anticipated expense. Indeed, home office overhead expenses have traditionally been deducted from revenue in determining lost profits. See Boca Developers, Inc. v. Fine Decorators, Inc., 862 So.2d 803 (Fla. 4th DCA 2003); Knight Energy Servs., Inc. v. C.R. Int’l Enters., Inc., 616 So.2d 1079 (Fla. 4th DCA 1993); RKR Motors, Inc. v. Associated Uniform Rental & Linen Supply, Inc., 995 So.2d 588 (Fla. 3d DCA 2008). Eichleay, by its very existence, recognized that some home office overhead expenses should be applied to the contract’s cost. And I think those damages should not be denied simply be *136 cause the government stops short of suspending the project.
The contractor in this case recognized the difference between a suspension and “extended performance” causing an increase in materials, labor, time, and cost when the government misrepresents the full extent of the work to be done. This is precisely why its damages expert did not rely on Eichleay.
Instead, the expert used an “extended performance analysis.” He testified that the county’s misrepresentation caused the contractor to use cash from its own accounts, affected the willingness of the contractor’s bonding company to issue bonds for new projects, and prevented the contractor from performing new work. The expert opined that the project represented about fifty percent (50%) of the contractor’s work for the year. The expert was then able to quantify the percentage of home office overhead expenses to be attributed to the contract. In my view, competent substantial evidence was provided to support the jury’s award of $275,251.00 for this element of damage.
The majority claims that its holding— the contractor failed to meet the prerequisite of a “suspension” — is consistent with our prior opinion in Broward County v. Brooks Builders, Inc., 908 So.2d 536 (Fla. 4th DC A 2005). I agree that it is consistent, but it is certainly not mandated.
There, the contractor attempted to use the Eichleay formula to calculate delay damages including home office overhead expenses where no suspension had occurred. Id. at 539-41. The delay was due to enhanced security at the airport following the September 11th tragedy, and not to a government misrepresentation about the extent of work to be performed. Id. at 539. We held that the Eichleay formula did not apply to a government caused delay unless it amounted to a suspension. Id. at 541. Since there was no suspension in Brooks Builders, and the delay was not caused by any wrongdoing on the part of the government, Eichleay did not apply.
It is for this same reason, I would hold that neither Eichleay nor the prerequisite of a suspension apply in this case. I would not limit a contractor’s right to claim home office overhead expenses to a government suspension of the work. As long as competent substantial evidence supports the loss, the loss was caused by the government, and the loss was reasonably foreseeable, the award should be sustained. I would affirm.

. Appeal of Eichleay Corp., ASBCA No. 5183, 60-2 B.C.A. (CCH) ¶ 2688, 1960 WL 538 (ASBCA 1960).